STATE of Missouri, Plaintiff-Respondent,

v.

Freddie CUMMINGS, Defendant.

Appeal of Dorothy AILSHIE, d/b/a A–Able Bail Bonds.

No. 14673.

Missouri Court of Appeals, Southern District, Division Two.

Feb. 6, 1987.

Thomas E. Mountjoy by Richard E. Monroe, Springfield, for plaintiff-respondent.

Calvin R. Holden, Springfield, for appellant.

PREWITT, Presiding Judge.

Defendant was found guilty following jury trial of receiving stolen property. He filed a motion for new trial. A hearing on that motion and sentencing was set for March 15, 1985. When defendant failed to appear his $2,500 bond was ordered forfeited.

The state then moved for a final judgment of default and execution under Rule 33.14. The bail bond agent appeared and sought to have the forfeiture set aside under § 374.770.1, RSMo Supp.1984, because the defendant was incarcerated in the Leavenworth, Kansas Federal Prison. That statutory section is set out below.*

At the hearing the state admitted that the defendant was in federal custody serving a sentence on a criminal charge. However, it asserted that the bondsman "cannot have the benefit of Section 374.770 because the defendant's absence in this case is directly attributable to the bail bondsman's activities, both his passive activity and not resisting to the removal of the defendant from the jurisdiction of this court." Following the hearing the trial judge entered judgment for the amount of the bond.

■■■ In construing a statute the legislative intent is to be determined from the language used in the statute and words are to be considered in their plain and ordinary meaning. *State v. Adkins,* 678 S.W.2d 855, 859 (Mo.App.1984); *Benham v. Cox,* 677 S.W.2d 429, 431 (Mo.App.1984).

Literally, under § 374.770.1, if the defendant was incarcerated within the United States, then the bond forfeiture "shall be set aside". The state does not contend otherwise, but states that "because the principal's failure to appear was the direct result of the knowing misconduct, by act and omission, of the surety, and as such, the forfeiture upon default of the condition of appearance of the bail bond is not excused by subsequent foreign incarceration under Section 374.770".

The state argues that the provisions of § 374.770 "assume that the surety in good faith discovers the presence of the principal in the custody of another sovereignty within the United States. The statute envisions incarceration somewhere within the federal union to have been caused by means other than the surety's action." It cites numerous cases regarding a surety's obligation such as *State v. Gray,* 658 S.W.2d 41, 43 (Mo.App.1983) (surety has obligation "to keep a watch over the accused"); *State v. Tennyson,* 537 S.W.2d 858, 860 (Mo.App. 1976) (surety at fault for permitting principal to go into another jurisdiction).

The state contends that § 374.770 is a codification of the rule declared in *State v. Foster,* 512 S.W.2d 448 (Mo.App.1974), and *State v. Argonaut Insurance Co.,* 541 S.W.2d 720 (Mo.App.1976), "that if the defendant is found to be incarcerated in another jurisdiction within the United States and *surety has acted with diligence,* the

---

* Section 374.770.1 states:

If there is a breach of the contract of the bond, the court in which the case is pending shall declare a bond forfeiture, unless the surety upon such bond informs the court that the defendant is incarcerated somewhere within the United States. If forfeiture is not ordered because the defendant is incarcerated somewhere within the United States, the surety is responsible for the return of the defendant. If bond

forfeiture is ordered and the surety can subsequently prove the defendant is incarcerated somewhere within the United States, then the bond forfeiture shall be set aside and the surety be responsible for the return of the defendant. When the surety notifies the court of the whereabouts of the defendant, a hold order shall be placed by the court having jurisdiction on the defendant in the state in which the defendant is being held.

surety is to be exonerated save for the expense of the prosecuting authorities in their production of the defendant." If, as the state contends, those cases require that the surety act with diligence, that does not aid the state as there is no such requirement in § 374.770.

■ The statute is clear and plain. To add a requirement that the surety must have acted with diligence or not have acquiesced or participated in the removal to another jurisdiction would be putting something in the statute that the legislature did not. The statute plainly says that if a bond forfeiture is ordered and the surety can subsequently prove the defendant is incarcerated somewhere within the United States, then the bond forfeiture shall be set aside.

■ There is no dispute but that it was proven that defendant was incarcerated within the United States. Therefore, although we understand the state's concern, we have no choice but to reverse the judgment. Where a statute "admits of no exception ... the Court should not engraft one by judicial legislation." *Poling v. Moitra*, 717 S.W.2d 520, 522 (Mo. banc 1986).

The judgment is reversed and the cause remanded to the trial court with directions to set aside the bond forfeiture.

HOGAN, FLANIGAN and MAUS, JJ., concur.