**STATE of Missouri, Respondent,**

v.

**Sharon HEAD, Defendant,**

**and**

**C & M Bail Bonds, Inc., Appellant.**

**No. WD 43411.**

Missouri Court of Appeals,
Western District.

March 5, 1991.

Gregg T. Hyder, Columbia, for appellant.

Hugh C. Harvey, Pros. Atty., Donald G. Stouffer, Asst. Pros. Atty., Marshall, for respondent.

Before BERREY, P.J., and TURNAGE and GAITAN, JJ.

TURNAGE, Judge.

This is an action by C & M Bail Bonds to set aside a forfeiture of a bond which it had posted as bail for Sharon Head. The court ordered the bond in the amount of $1500.00 forfeited. C & M contends it is entitled to have the forfeiture set aside because Head was incarcerated. Reversed and remanded.

In November, 1989, Head was charged with passing bad checks and her bail was set at $1500.00. In March, 1990, C & M posted a bond as bail for Head.

In March, 1990, Head failed to appear when she had been ordered to do so. In April the court notified C & M that a motion for forfeiture of the bond had been

filed and a hearing would be held thereafter. C & M admits that it received the notice but neither it or Head appeared at the time of the hearing on May 2, 1990. The court thereupon ordered the $1500.00 bond forfeited.

On May 29, 1990, C & M surrendered Head to the sheriff and filed a motion to set aside the bond forfeiture. The court overruled the motion.

There is no dispute between the parties that C & M surrendered Head to the sheriff. C & M contends that under § 374.770.1, RSMo 1986,[1] it is entitled to have the forfeiture set aside.

In *State v. Cummings,* 724 S.W.2d 316, 318[3] (Mo.App.1987), the court stated:

> The statute plainly says that if a bond forfeiture is ordered and the surety can subsequently prove the defendant is incarcerated somewhere within the United States, then the bond forfeiture shall be set aside.

The State contends that this section requires that the defendant be incarcerated at the time the forfeiture is ordered. *Cummings* held that the statute is clear and plain and the courts could not add additional provisions to it. *Id.* The statute plainly provides that if forfeiture is ordered and the surety can subsequently prove the defendant is incarcerated that the surety is entitled to have the bond forfeiture set aside. There is no reason to read additional terms into the statute that such incarceration must be as of the time of the bond forfeiture. In fact the statute uses the language "prove the defendant is incarcerated." Webster's Third New International Dictionary (1971) defines the word "is" as "that which is factual and empirical, actually the case, or spatiotemporal—contrasted with ought." Further, the word "is" is in the present tense. By its plain terms the statute allows a forfeiture to be set aside on a showing that the defendant is in fact incarcerated. To adopt the State's argument this court would be adding the words "at the time the forfeiture was ordered" to the statute. If such words are added, the legislature will have to add them.

C & M showed after the bond forfeiture that the defendant was incarcerated and is therefore entitled under § 374.770.1 to have the bond forfeiture set aside.

The judgment is reversed and this cause is remanded with directions to set aside the bond forfeiture heretofore ordered against C & M.

All concur.

---

1. Section 374.770.1 states: If there is a breach of the contract of the bond, the court in which the case is pending shall declare a bond forfeiture, unless the surety upon such bond informs the court that the defendant is incarcerated somewhere within the United States. If forfeiture is not ordered because the defendant is incarcerated somewhere within the United States, the surety is responsible for the return of the defendant. If bond forfeiture is ordered and the surety can subsequently prove the defendant is incarcerated somewhere within the United States, then the bond forfeiture shall be set aside and the surety be responsible for the return of the defendant. When the surety notifies the court of the whereabouts of the defendant, a hold order shall be placed by the court having jurisdiction on the defendant in the state in which the defendant is being held.