STATE of Missouri, Respondent,

v.

Michelle E. YOUNT, Defendant,

and

C & M Bail Bonds, Inc., Appellant.

No. 58890.

Missouri Court of Appeals,
Eastern District,
Division Five.

June 25, 1991.

Motion for Rehearing and/or Transfer to Supreme Court Denied Aug. 8, 1991.

Application to Transfer Denied
Sept. 10, 1991.

Gregg T. Hyder, Columbia, for appellant.

William L. Webster, Atty. Gen., Joan F. Edwards, Asst. Atty. Gen., Jefferson City, for respondent.

SIMON, Judge.

Appellant, C & M Bail Bonds, Inc., is the surety on defendant's appearance bond which was forfeited for defendant's failure to appear at her probation revocation hearing and judgment was entered thereon. The sole point on appeal is that the trial court erred in setting aside only $2000.00 of the $2500.00 judgment on the bond forfeiture.

We affirm.

On May 22, 1987, defendant pleaded guilty to the charge of stealing, a class C felony under section 570.030 RSMo 1986. (All further references shall be to RSMo 1986 unless otherwise noted.) The trial court suspended the imposition of sentence and defendant was placed on probation with conditions, for a period of five years, under the supervision of the Board of Probation and Parole. On April 26, 1990, a probation violation warrant was issued and executed. Defendant, as principal, and appellant, as surety, posted a $2500.00 surety bond which was approved and filed returnable May 14, 1990 in Cape Girardeau. On May 14, 1990, defendant appeared and the alleged probation violations were read to her and a revocation hearing was then set for May 16, 1990. On that date defendant appeared without an attorney, but indicated that she had an attorney to represent her. The cause was reset on May 21, 1990, on which date defendant failed to appear. The cause was continued to May 22, 1990 when defendant again failed to appear. A capias warrant was issued, and the $2500.00 bond was ordered forfeited. On May 31, 1990, a motion for final judgment of forfeiture of the bond was filed by the prosecuting attorney. Notice of a hearing on this motion was served on the surety, but defendant was unable to be served. This motion for final judgment was heard on June 19, 1990. Neither defendant nor appellant appeared at this hearing. Judgment was entered against defendant and surety, and execution was ordered on the $2500.00 bond. On July 13, 1990, surety then moved to have the judgment set aside. At a hearing on this motion held July 16, 1990, evidence was adduced as to why defendant failed to appear on May 21 or 22, 1990. Apparently, defendant was in jail in Wayne County on May 25, 1990. The trial court set aside $2000 of the judgment, and judgment of $500 was entered.

In its point on appeal, appellant contends that the trial court, in not setting aside the entire amount of the bond, denied appellant the benefit of section 374.770.1 which provides in pertinent part: "... If bond forfeiture is ordered and the surety can subsequently prove the defendant is incarcerated somewhere within the United States, then

the bond forfeiture shall be set aside and the surety be responsible for the return of the defendant." Appellant asserts that this language should be construed so as to mandate the setting aside of the entire amount of judgment on the bond forfeiture where the defendant was incarcerated after missing the scheduled court appearance for which the bond was posted. The State argues that the incarceration of which this section speaks must be as of the time of defendant's failure to appear when required by the trial court.

■ "The breach of the bond takes place when the defendant fails to report in court as required and the court enters that fact of record." *State v. Norton*, 347 S.W.2d 849, 856 [11] (Mo. banc 1961). After the breach of the bond, the court is required to hold a hearing and enter a judgment on the bond penalty. Section 544.640; Rule 33.14.

■ The distinction between bond forfeiture and judgment on the forfeiture is a long observed one under Missouri law. "... [T]he mere noting of the forfeiture is not the final determination of the liability of the defendant and his surety. It is merely the preliminary step to the issuance of the scire facias." *State v. Austin*, 43 S.W. 165, 167 (Mo.1897). "The office and purpose of scire facias under section 544.-640 are to notify the sureties of the default 'and afford them an opportunity to show cause why execution should not be awarded against them', *State v. Austin*, [supra], and the function of the motion for judgment under Criminal Rule 32.12 [now 33.14] is the same. *State v. Hammond*, 426 S.W.2d 84, 86 (Mo.1968)." *State v. Savage*, 461 S.W.2d 887, 889 (Mo. banc 1971).

■ "The primary object of statutory interpretation is to ascertain the intent of the legislature from the language used, and to give effect to that intent. In doing so we consider the words used in their plain and ordinary meaning." *State ex rel. Lock v. Melton*, 692 S.W.2d 302 (Mo. banc 1985).

■ We must presume the legislature was aware of this distinction between forfeiture and judgment when drafting Sec-

tion 374.770.1, as this distinction is expressly recognized in other statutory sections. See Sections 544.610 and 544.640; see also Rule 33.14. Here the problem is not the forfeiture but a judgment on the forfeiture. Thus, section 374.770.1 is not applicable to these facts, since it refers singularly and solely to bond forfeiture.

Appellant cites to *State v. Cummings*, 724 S.W.2d 316, 318 (Mo.App.1987), for the proposition that where a statute "admits of no exception ... the court shall not engraft one by judicial legislation." *Cummings*, however, dealt with the trial court's determination that the surety, on forfeiture before judgment, could not avail himself of the benefit of Section 374.770.1 unless he acted with diligence, or did not acquiesce or participate in the removal of the defendant to another jurisdiction. *Id.* at 318[3]. In *Cummings*, the court concluded that the trial court's addition of a requirement of diligence, etc., "would be putting something in the statute that the legislature did not." *Id.*

Here, we shall interpret the language of the statute so as to give effect to the logical intent of the legislature. The obvious intent is to direct the trial court to set aside a forfeiture where the surety can subsequently prove that the defendant is incarcerated. The statute is not directed to judgments.

Appellant cites to *State v. Head*, 804 S.W.2d 833 (Mo.App.1991), in which defendant failed to appear when required by the trial court, and the bond posted for her appearance was forfeited. Again, those facts appear to be directed to forfeiture.

As previously stated, section 374.770.1 is not applicable in cases where judgment has been entered on the forfeiture.

■ "It has long been recognized that an action to enforce a forfeiture on a bond is in the nature of a civil action." *State v. Street*, 510 S.W.2d 225, 229 [5] (Mo.App. 1974). So the trial court, under Rule 75.01, retains control over the judgment for 30 days "and may, after giving the parties an opportunity to be heard and for good cause, vacate, reopen, correct, amend or

**88**

modify its judgment within that time." See also section 511.060. The modification made by the court here was within this thirty-day time frame.

Judgment affirmed.

CRANDALL, C.J., and REINHARD, J., concur.