STATE of Missouri, Respondent,

v.

Phillip L. GOODRICH, Defendant,

A–Aaron's Bonding Co., Inc. Appellant.

No. WD 56557.

Missouri Court of Appeals, Western District.

March 7, 2000.

---

Richard E. Rose, Kansas City, for appellant and defendant.

Matthew J. O'Connor, Asst. Pros. Atty., Kansas City, for respondent.

Before Presiding Judge LAURA DENVIR STITH, Judge PAUL M. SPINDEN and Judge VICTOR C. HOWARD.

LAURA DENVIR STITH, Presiding Judge.

A–Aaron's Bonding Co., Inc. appeals from the trial court's denial of its motion to set aside the court's judgment on a forfeiture of a $10,000 bond A–Aaron's posted for Defendant Phillip Goodrich. A–Aaron's asserts that the judgment should be set aside pursuant to Section 374.770.1 RSMo 1994 because, within thirty days after entry of judgment on the forfeiture, Mr. Goodrich was arrested and incarcerated within the State of Missouri. We disagree. Section 374.770.1, read together with Rules 33.13 and 33.14, provides for setting aside an *order* of forfeiture if, ***prior to entry of judgment on the forfeiture,*** the surety shows that the defendant was incarcerated somewhere in the United States. It does not apply where, as here, the court has entered judgment on the forfeiture and that judgment has become final and, as here, has been paid and the time for appeal has run before defendant is incarcerated. Moreover, A–Aaron's does not claim that the requirements for setting aside a judgment under Rule 74.06 have been met, and the record does not show that they were met. For these reasons, the judgment is affirmed.

## I. FACTUAL AND PROCEDURAL BACKGROUND

In January 1996, Phillip Goodrich was charged with possession or manufacture of a controlled substance. A–Aaron's posted a $10,000 surety bond for Mr. Goodrich to secure his presence in court. In April 1997, Mr. Goodrich failed to appear at trial and the court ordered the $10,000 bond forfeited. Notice of the forfeiture was sent to A–Aaron's and a hearing was set to determine whether to enter judgment against A–Aaron's on the forfeiture. A–Aaron's requested an additional 90 days to find and surrender Mr. Goodrich before judgment was entered on the forfeiture. On July 14, 1997, the court granted A–Aaron's request.

On October 20, 1997, the court held a hearing on the motion to enter judgment on the forfeiture. A–Aaron's failed to locate or produce Mr. Goodrich before the hearing and the court entered judgment against A–Aaron's and ordered execution on the $10,000 bond. A–Aaron's did not appeal. Instead, it paid the judgment on November 5, 1997.

At the time of the judgment and at the time A–Aaron's paid the judgment, Mr. Goodrich was not incarcerated. However, on November 9, 1997, four days after A–Aaron's paid the judgment, Mr. Goodrich happened to be arrested and incarcerated in Jackson County, Missouri, and on January 7, 1998, was transferred to the Missouri Department of Corrections.

So far as the record shows, A–Aaron's was not initially aware of Mr. Goodrich's incarceration. The prosecutor learned that Mr. Goodrich was in the State's custody, however, and, on January 30, 1998, requested a writ of habeas corpus ad prosequendum to obtain Mr. Goodrich's appearance in court for trial on the 1996 offense. On April 16, 1998, that case was called and Mr. Goodrich appeared.

On August 12, 1998, A–Aaron's filed a motion to set aside the October 20, 1997 judgment on the bond forfeiture, asserting that it was not equitable for the judgment to remain in force. It argued that, because Mr. Goodrich had been incarcerated shortly after judgment was entered on the forfeiture, then under Section 374.770.1 and *State v. Head*, 804 S.W.2d 833 (Mo. App. W.D.1991), it was entitled to have the judgment on the forfeiture set aside. After holding a hearing on the motion on September 28, 1998, the court denied the motion. A–Aaron's appeals.

## II. STANDARD OF REVIEW

A motion to set aside a judgment under Rule 74.06 is governed by the sound discretion of the trial court. *Gering v. Walcott*, 975 S.W.2d 496, 498 (Mo.App. W.D.1998). We will affirm an order denying a motion to set aside a judgment unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. *Obaidullah v. Kabir*, 882 S.W.2d 229, 231 (Mo.App. E.D.1994); *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976). Here, however, the issue is whether the trial court was required to set aside the judgment on the forfeiture under

Section 374.770.1. This issue presents a question of law which we determine *de novo*. *Jordan v. Willens*, 937 S.W.2d 291, 293 (Mo.App. W.D.1996).

## III. LEGAL ANALYSIS

On appeal, A–Aaron's asserts that the trial court erred in failing to set aside the judgment on the forfeiture of its $10,000 bond securing the appearance of Mr. Goodrich. A–Aaron's argues that, pursuant to Section 374.770.1, once it established that Mr. Goodrich was incarcerated after forfeiture of the bond, the court was required to release it from the judgment of forfeiture. The State counters that Section 374.770.1 applies only to setting aside of an order of forfeiture, not a judgment on the forfeiture. It argues that where, as here, the judgment has been entered upon notice to the surety of the order of forfeiture and a hearing has been held at which the surety has neither surrendered the defendant nor shown that he is incarcerated somewhere in the United States, Section 374.770.1 does not entitle the surety to set aside the judgment. We agree.

Bond forfeiture involves two separate steps. The first step is entry of an order of forfeiture at the time of the actual default, or breach, of the bond. "The breach of the bond takes place when the defendant fails to report in court as required and the court enters that fact of record." *State v. Yount*, 813 S.W.2d 85, 87 (Mo.App. E.D.1991), *quoting, State v. Norton*, 347 S.W.2d 849, 856 (Mo. banc 1961). "The mere noting of the forfeiture is not the final determination of the liability of the defendant and his surety. It is merely the preliminary step to the issuance of the *scire facias* (judgment)." *Yount*, 813 S.W.2d at 87, *quoting, State v. Austin*, 43 S.W. 165, 167 (Mo.1897).

The second step which must occur before a surety becomes liable on the bond is the giving of notice to the surety of the entry of the order of forfeiture, and the holding of a hearing to determine whether

the court should enter judgment on the forfeiture, in effect ordering execution on the amount of the bond, or whether the court should, instead, set aside the order of forfeiture in whole or in part, thereby releasing the surety from all or part of its obligation. *See, e.g., Yount*, 813 S.W.2d at 87; *State v. Street*, 510 S.W.2d 225, 228 (Mo.App. W.D.1974).

These differences between an order of forfeiture and a judgment on the forfeiture are recognized in Rules 33.13 and 33.14. Rule 33.13 states:

> Whenever the surety upon any bond shall desire to surrender his principal, he may procure from the clerk a certified copy of said bond, by virtue of which such surety, or any person authorized by him, may take the principal into custody. *If a bond is forfeited for the failure of the principal to appear as required by the bond and the surety produces the principal prior to the rendition of judgment upon the forfeiture and the surety pays all costs and expenses caused by the principal's failure to appear the surety is discharged from further liability.* When surrendering the principal to the sheriff the surety must deliver a certified copy of the bond and the sheriff shall take the principal into custody and acknowledge acceptance of the principal in writing. Any principal so surrendered may be conditionally released pursuant to Rule 33.01.

(emphasis added). Rule 33.14 states in relevant part:

> If there is a breach of a condition of a bond, the court in which the criminal case is pending may declare a forfeiture of the bond. *The court may direct that a forfeiture be set aside, upon such conditions as the court may impose, if it appears that justice does not require the enforcement of the forfeiture. When a forfeiture has not been set aside, the court shall on motion enter a judgment of default and execution may issue thereon.* . . .

(emphasis added).

Under these rules, and under comparable statutory provisions, *see* Secs. 544.610, 544.640 RSMo 1994, the court in which the defendant failed to appear would order the bond forfeited if defendant failed to appear, but the surety could produce defendant at a subsequent hearing and pay costs and the court would not enter judgment on the forfeiture. Or, if the surety could show why justice did not require forfeiture of the bond, despite the nonappearance of defendant, the court then had the discretion to set aside the forfeiture in whole or in part.

One cause which a surety often cites as a reason why a defendant could not be produced is that the defendant is incarcerated elsewhere. Missouri courts have found that such an excuse constitutes good cause under Rules 33.13 and 33.14 *if* the surety shows that the surety was responsible for the incarceration. In such a case, the trial court would be found to have abused its discretion if it did not set aside the forfeiture. *State v. Wynne*, 356 Mo. 1095, 204 S.W.2d 927 (1947). *Accord, State v. Armstrong*, 605 S.W.2d 526, 530–31 (Mo.App. E.D.1980); *Street*, 510 S.W.2d 225.

If some agency other than the surety were responsible for the incarceration of the defendant, however, then Missouri appellate courts determined that Rules 33.13 and 33.14 left it up to the trial court's discretion whether to set aside the order of forfeiture. *Armstrong*, 605 S.W.2d at 531; *State v. Argonaut Ins. Co.*, 541 S.W.2d 720 (Mo.App. E.D.1976).

The legal effect of a showing that a defendant was incarcerated through efforts not attributable to the surety was changed in 1983, when the legislature adopted Section 374.770.1. It stated in relevant part:

> If there is a breach of the contract of the bond, the court in which the case is

pending *shall declare a bond forfeiture, unless the surety upon such bond informs the court that the defendant is incarcerated* somewhere within the United States.... If bond forfeiture is *ordered* and the surety can *subsequently prove the defendant is incarcerated somewhere within the United States, then the bond forfeiture shall be set aside* and the surety be responsible for the return of the defendant.

Sec. 374.770.1 RSMo 1983 (emphasis added). The language remains the same in relevant part today. Sec. 374.770.1 RSMo 1994.

Section 374.770.1 in effect codifies the holdings in the cases discussed above in that, if the surety can show that it is responsible for having the defendant incarcerated, or was responsible for the surrender of the defendant, then justice requires that the surety be entitled to have the bond forfeiture set aside and that the court not enter judgment on the forfeiture. *Id.* It goes beyond those cases, however. The court held in *State v. Cummings,* 724 S.W.2d 316 (Mo.App. S.D.1987), that, under Section 374.770.1, the surety is entitled to have the bond forfeiture set aside without regard to whether it or some other agency is responsible for the incarceration of the defendant, stating:

> The statute is clear and plain. To add a requirement that the surety must have acted with diligence or not have acquiesced or participated in the removal to another jurisdiction would be putting something in the statute that the legislature did not. The statute plainly says that if a bond forfeiture is ordered and the surety can subsequently prove the defendant is incarcerated somewhere within the United States, then the bond forfeiture shall be set aside.

724 S.W.2d at 317–18.

*State v. Head,* 804 S.W.2d 833 (Mo.App. W.D.1991), applied this rule and granted a motion to set aside an order of forfeiture under Section 374.770.1 because the surety established at the hearing on the forfeiture that the defendant was incarcerated after the order of forfeiture. It rejected the State's argument that the surety had to show that the defendant was incarcerated at the time of the order of forfeiture; incarceration after the order of forfeiture was entered was held sufficient. *Id.* at 834. We applied this rule in a case handed down this same date, *State v. Siemens,* 12 S.W.3d 776 (Mo.App. W.D. 2000), and reversed a trial court ruling which had refused to set aside a forfeiture, despite a showing that defendant was incarcerated between the bond forfeiture order and the entry of judgment on the forfeiture, because the trial court found that the surety had not been the one responsible for defendant's arrest.

Applying Section 374.770.1 as interpreted in *Siemens, Cummings* and *Head,* we hold here that the facts that A–Aaron's was not responsible for defendant's incarceration and that he was not incarcerated until after the court ordered forfeiture of the bond does not affect the question whether A–Aaron's was entitled to have the order of forfeiture set aside. Unlike in *Siemens, Cummings* and *Head,* however, here defendant also was not incarcerated prior to the time the court entered judgment on the forfeiture. The incarceration only occurred *after* the court had entered judgment on the forfeiture and after the judgment was final and had been paid, without appeal.

A–Aaron's says that this difference is irrelevant, that Section 374.770.1 does not state any time limit on when the surety must show that defendant was incarcerated, it just requires the surety to make such a showing. Therefore, while admittedly the showing it made here occurred after entry of judgment on the forfeiture, that distinction is unimportant. A–Aaron's recognizes that its argument could be used to justify setting aside a judgment on a forfeiture years or decades after it was final, and that this would be unworkable and could not have been the intent of the

legislature. At oral argument, it thus suggested that the legislature must have intended the one-year time limit set out in Rule 74.06 to apply to Section 372.770.1. Here, it notes, it brought its motion within one year after entry of judgment on the forfeiture.

We reject A–Aaron's argument for two reasons. First, Rule 74.06(b) by its terms permits a court to set aside a judgment only for the specific reasons set out in the Rule, including mistake, inadvertence, surprise, excusable neglect, fraud, and so forth.[1] A–Aaron's did not show below or in this court that any of these grounds for setting aside the judgment are satisfied by a showing that the defendant has been incarcerated somewhere in the United States sometime after entry of judgment on the forfeiture, nor does Rule 74.06 indicate that the courts may expand the reasons for setting aside a judgment beyond those set out in the rule itself.

Second, we note that a nearly identical argument was rejected in *State v. Yount*, 813 S.W.2d at 87. In *Yount*, as in the present case, the surety failed to show that the defendant was incarcerated prior to entry of judgment on the forfeiture. After entry of judgment, defendant tried to set aside the judgment on the forfeiture by showing that defendant was incarcerated sometime after the order of forfeiture was entered. Defendant argued that this showing entitled him to have the entire forfeiture set aside under Section 374.770.1, citing *Head.*

*Yount* rejected this argument, noting that it was based on a failure to distinguish between an order of forfeiture and a judgment on the forfeiture. *Yount*, 813 S.W.2d

at 87. As it noted, Section 374.770.1 discusses setting aside of a bond forfeiture *order;* it nowhere uses the term judgment. Thus, the first sentence of Section 374.770.1 states that the court may *order* a forfeiture of the bond *unless* the surety shows at the time of defendant's failure to appear that the defendant is incarcerated. The second sentence then provides that if "bond forfeiture *is ordered* and the surety can subsequently prove the defendant is incarcerated somewhere within the United States, then the bond forfeiture shall be set aside and the surety be responsible for the return of the defendant." Sec. 374.770.1 (emphasis added).

As *Yount* noted, in interpreting this language our primary object is to "ascertain the intent of the legislature from the language used, and to give effect to that intent. In so doing we consider the words used in their plain and ordinary meaning." *Yount*, 813 S.W.2d at 87. And, in determining the legislature's intent:

We must presume the legislature was aware of this distinction between forfeiture and judgment when drafting Section 374.770.1, as this distinction is expressly recognized in other statutory sections. See Sections 544.610 and 544.640; see also Rule 33.14. Here the problem is not the forfeiture but a judgment on the forfeiture. Thus, section 374.770.1 is not applicable to these facts, since it refers singularly and solely to bond forfeiture.

. . . .

Here, we shall interpret the language of the statute so as to give effect to the logical intent of the legislature. The obvious intent is to direct the trial court

1. Rule 74.06(b) states in full:

On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment or order for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) fraud . . . misrepresentation, or other misconduct of an adverse party; (3) the judgment is irregular; (4) the judgment is void; or (5) the judgment has been satis-

fied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment remain in force.

Rule 74.06(b). A motion to set aside for any of these reasons must be made within a reasonable time and, in the case of the first three of these reasons, must be filed within 1 year of the judgment. Rule 74.06(c).

to set aside a forfeiture where the surety can subsequently prove the defendant is incarcerated. The statute is not directed to judgments.

*Yount,* 813 S.W.2d at 87. *Yount* thus affirmed the trial court's determination that Section 374.770.1 did not require it to set aside the judgment on the forfeiture. *Id.*[2]

■ *We find the reasoning in Yount* persuasive. Section 374.770.1 only permits the court to set aside an order of forfeiture upon a showing that the defendant is incarcerated. It does not permit the court to set aside a judgment entered on the forfeiture once, as occurred here, that judgment has become final. For these reasons, we affirm the trial court's denial of A–Aaron's motion to set aside the judgment on the forfeiture.

Judges PAUL M. SPINDEN and VICTOR C. HOWARD concur.

---

**2.** In *Yount,* unlike here, the surety brought defendant's incarceration to the attention of the court within 30 days after it entered its judgment. Since Rule 75.01 gives a trial court control over its judgment for 30 days, unless appeal is taken or the court is otherwise deprived of jurisdiction earlier, the trial court thus had the authority to modify its judgment. It did so, and determined to set aside a portion of the forfeiture. However, it did so under its authority to modify its judgments and the traditional authority of a court to set aside part of a forfeiture under Rules 33.13 and 33.14, not under Section 374.770.1. *See Yount,* 813 S.W.2d at 87–88.