**STATE of Missouri, Respondent,**

v.

**Gregory SIEMENS, Defendant,**

**C & M Bail Bonds, Appellant.**

**No. WD 56781.**

Missouri Court of Appeals,
Western District.

March 7, 2000.

---

Gregg T. Hyder, Columbia, for appellant and defendant.

John E. Casey, Pros. Atty., Linneus, for respondent.

Before Presiding Judge LAURA DENVIR STITH, Judge VICTOR C. HOWARD and Judge THOMAS H. NEWTON.

LAURA DENVIR STITH, Presiding Judge.

C & M Bail Bonding Company (C & M) posted a $5,000 bond to secure the presence of Gregory L. Siemens for trial on criminal charges. The court ordered the bond forfeited when Mr. Siemens failed to appear at the time set by the court for hearing of the matter, and later entered judgment on the forfeiture despite the fact that C & M showed that Mr. Siemens was arrested and incarcerated between the time of the order of bond forfeiture and the time the court entered that judgment. It apparently entered judgment on the forfeiture because the Sheriff rather than C & M was responsible for Mr. Siemen's incarceration. C & M appeals. Because we find that Section 374.770 RSMo 1994 provides that the surety is entitled to have the bond forfeiture set aside where, as here, the defendant is incarcerated prior to entry of judgment on the bond, even if that incarceration did not occur through the surety's efforts, we reverse and remand with directions to set aside the judgment on the forfeiture.

## I. FACTUAL AND PROCEDURAL BACKGROUND

In June 1998, Gregory L. Siemens was charged in Linn County, Missouri with the crimes of unlawful use of a weapon and burglary. On June 5, 1998, C & M posted a $5,000 bond on behalf of Mr. Siemens to secure his presence in court for his trial on these charges. On July 13, 1998, Mr. Siemens failed to appear at trial. A capias warrant for Mr. Siemens' arrest was issued by the court and the $5,000 bond was ordered forfeited. Notice of forfeiture was sent to C & M, ordering it to appear before the court on August 10, 1998, to show cause why judgment on the forfeiture should not be entered against it. On July 23, 1998, the capias warrant on Mr. Siemens was returned by the Linn County Sheriff, showing Mr. Siemens had been picked up and was incarcerated in Livingston County, Missouri, beginning on July 16, 1998. Linn County keeps its prisoners in the Livingston County Jail. Therefore, Mr. Siemens was considered to be in the custody of Linn County.

On August 10, 1998, Mr. Siemens appeared before the Linn County Circuit Court and was formally arraigned, with his case set for trial on December 1, 1998. Later that same day, the court held a hearing on whether to enter judgment on the forfeiture. C & M explained that Mr. Siemens had been arrested by the Sheriff pursuant to the capias warrant, and had been incarcerated in the Livingston County jail, and therefore the forfeiture should be set aside under Section 374.770. The judge believed that it was in his discretion whether to set aside the bond forfeiture, and determined not to set it aside here, since Mr. Siemens had been captured by the Sheriff rather than through the efforts

of C & M. He therefore entered judgment on the full amount of the forfeiture on August 10, 1998.

On August 18, 1998, C & M filed a motion to set aside the judgment on the forfeiture of the bond. A hearing on the motion was set for December 14, 1998. At the hearing, C & M presented a letter of incarceration from the Livingston County Sheriff's Department stating that Mr. Siemens had been incarcerated in the Livingston County jail from July 16, 1998, to August 10, 1998. On December 14, 1998, the court denied C & M's motion, stating:

> On August 10, 1998, Surety appeared by Pam Robinson who advised the Court the Surety had not surrendered Defendant but that Defendant was arrested by the Sheriff pursuant to the capias warrant issued and had again been released on bond posted by the Surety. On July 13, 1998, Defendant was not in custody and on August 10, 1998, the Defendant was not in custody.

> Surety submits as its authority, *State of Missouri v. Sharon Head and C & M Bail Bonds*, 804 S.W.2d 833. In that case the parties agreed the Surety had surrendered the Defendant prior to the hearing on the show cause order. That is not present in this case. The local law enforcement agencies arrested the Defendant under the capias warrant. The Surety has done nothing in this case in regards to the bond except collect the premium from Defendant.

C & M appeals the court's December 14, 1998 judgment denying its motion to set aside the August 14, 1998 judgment in which the court denied the motion to set aside the forfeiture, and instead entered judgment on the forfeiture.[1] In support, C

---

1. It is further noted that on September 17, 1998, C & M filed a second $5,000 bond for Mr. Siemens agreeing to secure his presence in court on December 1, 1998. On November 19, 1998, the court was advised Mr. Siemens had failed to contact his attorney. The court entered another capias warrant for Mr. Siemens. On the date of trial, December 1, 1998, Mr. Siemens failed to appear. The court ordered the second bond forfeited, with the hearing for C & M to show cause why judgment on the forfeiture should not be entered set for December 14, 1998, the same date as the hearing scheduled for C & M's previous motion to set aside the judgment of forfeiture on the first bond. On December

& M argues both that the factual basis for the court's decision was wrong, in that the court incorrectly indicated that Mr. Siemens was not in custody on August 10, 1998, whereas the record shows that he in fact was in custody on that date, and that the court was required to set aside the bond forfeiture as a matter of law once C & M showed that Mr. Siemens was incarcerated prior to entry of judgment on the bond.

## II. STANDARD OF REVIEW

■■■ A motion to set aside judgment under Rule 74.06 is governed by the sound discretion of the trial court. *Gering v. Walcott,* 975 S.W.2d 496, 498 (Mo.App. W.D.1998). We will affirm an order denying a motion to set aside a judgment unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. *Obaidullah v. Kabir,* 882 S.W.2d 229, 231 (Mo.App. E.D.1994); *Murphy v. Carron,* 536 S.W.2d 30 (Mo. banc 1976). Here, however, the issue is whether the trial court was required to set aside the forfeiture under Section 374.770. This issue presents a question of law which we determine *de novo. Jordan v. Willens,* 937 S.W.2d 291, 293 (Mo.App. W.D.1996).

## III. LEGAL ANALYSIS

■■■ The key issue on appeal is whether the relevant statutes and court rules left it to the judge's discretion to determine whether to set aside its original order of forfeiture of the bond, or whether C & M had a statutory right to have the bond forfeiture set aside under Section 374.770 once it showed that Mr. Siemens was incarcerated between the time of the initial order of forfeiture and the entry of judgment on the forfeiture.

14, 1998, Mr. Siemens did not appear and the court entered judgment of forfeiture on the second bond. On December 28, 1998, C & M filed a motion to set aside the judgment of forfeiture on the second bond. On January 11, 1998, the court heard C & M's motion to set aside the judgment of forfeiture. At the

The trial court believed, and the State argues, that the rights of the parties in this matter are determined solely by Missouri Rules 33.13 and 33.14, which leave the issue to the trial court's discretion. Rule 33.13 states as follows:

Whenever the surety upon any bond shall desire to surrender his principal, he may procure from the clerk a certified copy of said bond, by virtue of which such surety, or any person authorized by him, may take the principal into custody. *If a bond is forfeited for the failure of the principal to appear as required by the bond and the surety produces the principal prior to the rendition of judgment upon the forfeiture and the surety pays all costs and expenses caused by the principal's failure to appear the surety is discharged from further liability.* When surrendering the principal to the sheriff the surety must deliver a certified copy of the bond and the sheriff shall take the principal into custody and acknowledge acceptance of the principal in writing. Any principal so surrendered may be conditionally released pursuant to Rule 33.01.

(emphasis added). Rule 33.14 states in relevant part:

If there is a breach of a condition of a bond, the court in which the criminal case is pending may declare a forfeiture of the bond. *The court may direct that a forfeiture be set aside, upon such conditions as the court may impose, if it appears that justice does not require the enforcement of the forfeiture. When a forfeiture has not been set aside, the court shall on motion enter a judgment of default and execution may issue thereon ....*

hearing, C & M advised the court that it had surrendered Mr. Siemens on December 17, 1998, just three days after the show cause hearing. The court agreed to set aside the judgment of forfeiture on the second bond. This ruling has not been appealed.

(emphasis added). As is evident, the State is correct that Rule 33.13 appears to discharge a surety from liability only if the surety itself "produces" the defendant prior to rendition of judgment and pays the costs and expenses caused thereby. Similarly, Rule 33.14 leaves it to the court to determine whether justice requires the setting aside of the forfeiture or whether the court should instead enter judgment on the bond forfeiture.

As the State notes, Rules 33.13 and 33.14 set out in rule form the principles adopted by the legislature in Sections 544.610 and 544.640. Section 544.610 states:

> The bailor at any time before final judgment against him upon a forfeited recognizance, may surrender his principal in open court or to the sheriff; and upon the payment of all costs occasioned by the forfeiture, and all costs that may accrue at the term to which the prisoner was recognized to appear, may thereupon be discharged from any further liability upon the recognizance.

Sec. 544.610 RSMo 1994. Thus, like Rule 33.13, Section 544.610 provides that the court may grant relief from an order of forfeiture if a surety "surrenders his principal" before final judgment.

Section 544.640 provides:

> If, without sufficient cause or excuse, the defendant fails to appear for trial or judgment, or upon any other occasion when his presence in court may be lawfully required, according to the condition of his recognizance, the court must direct the fact to be entered upon its minutes, and thereupon the recognizance is forfeited, and the same shall be proceeded upon by the scire facias to final judgment and execution thereon, although the defendant may be afterward arrested on the original charge, unless remitted by the court for cause shown.

Sec. 544.640 RSMo 1994.

Numerous cases have interpreted and applied these rules and statutes. As the State notes, they hold that if the surety's effects cause surrender of the principal to the court before entry of judgment on the forfeiture, then he has a legal right to have the bond forfeiture set aside. *See, e.g., State v. Street,* 510 S.W.2d 225, 228–29 (Mo.App. W.D.1974). If, however, the principal is captured or brought before the court through the efforts of the sheriff or others rather than through the efforts of the surety, then it is not the surety who has "surrendered" the principal and thus the court is not required to set aside the order of forfeiture. *See State v. Armstrong,* 605 S.W.2d 526 (Mo.App. E.D. 1980). The court can do so in whole or in part, in its discretion, but only if justice so requires. *Id.; State v. Argonaut Insur. Co.,* 541 S.W.2d 720 (Mo.App.1976).

This appears to be the rule the trial judge followed here. It found that Mr. Siemens was not surrendered by C & M as surety, but rather he was picked up on a warrant by the Sheriff. He further found that Mr. Siemens was not in custody at the time the original order of forfeiture was entered, or at the time the court held its hearing on August 10, 1998, as to whether to enter judgment on the forfeiture. Therefore, in his discretion, the judge determined that good cause had not been shown for remitting or setting aside the forfeiture, and he entered judgment on the forfeiture.

We agree with C & M that this ruling was in error on two grounds. First, contrary to the court's statement, Mr. Siemens was in fact in custody on August 10, 1998, the date the hearing was held on whether to enter judgment on the bond forfeiture. The court's own docket sheet and the evidence presented at the hearing by the surety show Mr. Siemens was arrested and placed in the Livingston County jail by the Linn County Sheriff on July 23, 1998, just 10 days after the court entered its order of bond forfeiture, when Mr. Siemens failed to appear for his hearing on July 13, 1998. Mr. Siemens re-

mained in custody until the day of the August 10, 1998 hearing on the question whether to enter judgment on the bond forfeiture, and in fact actually appeared before this same judge on the same day on the underlying case and posted bond and was released. Clearly, until this later bond was posted he was in Linn County's custody. Under these facts, C & M established that Mr. Siemens was incarcerated somewhere within the United States after the order of forfeiture, but prior to entry of judgment.

Second, the State's argument completely ignores the enactment in 1983 of Section 374.770 RSMo. That statute stated then, and still stated at the time of this hearing and today:

> If there is a breach of the contract of the bond, *the court* in which the case is pending *shall declare a bond forfeiture, unless the surety upon such bond informs the court that the defendant is incarcerated somewhere within the United States.* If forfeiture is not ordered because the defendant is incarcerated somewhere within the United States, the surety is responsible for the return of the defendant. *If bond forfeiture is ordered and the surety can subsequently prove the defendant is incarcerated somewhere within the United States, then the bond forfeiture shall be set aside* and the surety be responsible for the return of the defendant. When the surety notifies the court of the whereabouts of the defendant, a hold order shall be placed by the court having jurisdiction on the defendant in the state in which the defendant is being held.

Sec. 374.770.1 RSMo 1994 (emphasis added).

■ As is evident, Section 374.770 creates an exception to the general rule that a surety is not legally entitled to have the bond forfeiture set aside unless he produces, or surrenders, the principal through his own efforts prior to the time that judgment is entered on the forfeiture. Under Section 374.770, if the surety can show at the time that the defendant first fails to appear that the surety's failure to produce the defendant is due to the latter's incarceration somewhere in the United States, then the court will not declare a bond forfeiture in the first instance, but the surety is liable for the return of the defendant.

■ If the surety is not able to show at the time of the initial failure to appear that the defendant is incarcerated somewhere in the United States, then the court may order the bond forfeited. However, to enter a judgment on the forfeiture the court must hold a hearing on the forfeiture at which the surety is given notice of its right to appear. *See, e.g., State v. Street,* 510 S.W.2d at 228. Under Section 374.770, if the surety can show prior to entry of judgment on the forfeiture that "defendant is incarcerated somewhere within the United States, then the bond forfeiture *shall* be set aside and the surety be responsible for the return of the defendant." Sec. 374.770.1 (emphasis added).

Section 374.770 was interpreted in *State v. Cummings,* 724 S.W.2d 316 (Mo.App. S.D.1987). That analysis is directly applicable here. In *Cummings,* as here, a surety sought to have a bond forfeiture set aside under Section 374.770 by showing, prior to entry of judgment on the forfeiture, that defendant was incarcerated in the federal penitentiary in Leavenworth, Kansas and so was unable to appear. The State argued that the statute did not entitle the surety to have the forfeiture set aside, because the defendant was not in federal prison due to any efforts of the surety. Rather, the State argued, the surety was culpable in failing to oppose his removal from Missouri's jurisdiction. The court agreed and entered judgment on the bond.

*Cummings* reversed. It noted that, unlike the statutes at issue in cases such as *Argonaut,* Section 374.770 does not contain any language suggesting that the surety

has to be responsible for the incarceration of the defendant, or that the surety has acted with diligence or made good faith efforts to bring defendant before the court. Rather:

> The statute is clear and plain. To add a requirement that the surety must have acted with diligence or not have acquiesced or participated in the removal to another jurisdiction would be putting something in the statute that the legislature did not. The statute plainly says that if a bond forfeiture is ordered and the surety can subsequently prove the defendant is incarcerated somewhere within the United States, then the bond forfeiture shall be set aside.

> There is no dispute but that it was proven that defendant was incarcerated within the United States. Therefore, although we understand the state's concern, we have no choice but to reverse the judgment. Where a statute 'admits of no exception ... the Court should not engraft one by judicial legislation.' *Poling v. Moitra,* 717 S.W.2d 520, 522 (Mo. banc 1986).

*Cummings,* 724 S.W.2d at 318. *State v. Yount,* 813 S.W.2d 85, 87 (Mo.App. E.D. 1991), and *State v. Head,* 804 S.W.2d 833 (Mo.App. W.D.1991), similarly refused to read into Section 374.770 any additional requirements. In these cases, the courts rejected the State's arguments that in order for the statute to be applicable the surety had to prove that the principal was incarcerated at the time the initial forfeiture order was entered. Those cases held that the statute contained no such time limit. If the surety could show that defendant was incarcerated before entry of judgment on the forfeiture he was entitled to have the forfeiture set aside. *Id.*

As in *Cummings, Yount* and *Head,* the State would have us read an additional requirement into Section 374.770.1 – here, that the surety is under an obligation to act with good faith and diligence in producing the defendant before the court is required to set the forfeiture aside. Like

the cases cited above, we find no such requirement in Section 374.770.1. Applying the plain meaning of Section 374.770.1 to present facts of this case, we find that the trial court erred in refusing to set aside the forfeiture. The record shows that the court had before it evidence that Mr. Siemens was incarcerated beginning on July 23, 1998, after the order of forfeiture, but before the show cause hearing on August 10, 1998. The record also shows that Mr. Siemens was incarcerated until August 10, 1998, and that he actually appeared before the trial judge at a separate hearing on that date for his arraignment. Under these facts, C & M established that Mr. Siemens was incarcerated somewhere within the United States after the order of forfeiture, but prior to entry of judgment on the forfeiture, and was released only after the court permitted him to post a new bond. Therefore, under Section 374.770.1, C & M was entitled to have the order of forfeiture set aside.

For the reasons stated above, the judgment is reversed and remanded for further proceedings not inconsistent with this opinion.

Judge VICTOR C. HOWARD and Judge THOMAS H. NEWTON, concur.