STATE of Missouri,
Plaintiff/Respondent,

v.

Lorenzo CALLIES, Defendant,

Dawn Cords, Surety/Appellant,

and

Stacy A. Moore, Surety/Appellant.

Nos. ED 97879, ED 98345.

Missouri Court of Appeals,
Eastern District,
Division Two.

Dec. 26, 2012.

Thomas E. Hollingsworth, Assistant Prosecuting Attorney, Hillsboro, MO, for respondent.

David R. Crosby, Hillsboro, MO, for appellants.

KATHIANNE KNAUP CRANE, Presiding Judge.

In this consolidated appeal, one surety appeals from the trial court's order refusing to set aside an April 15, 2011 bond forfeiture order against her, and the other surety appeals from the trial court's entry on March 14, 2012, of an amended judgment of bond forfeiture against him. We dismiss the appeal from the refusal to set aside the April 15, 2011 judgment of bond forfeiture because it was not an appeal from a final judgment. We remand the cause resulting from the March 14, 2012 amended judgment of bond forfeiture with directions to vacate because the trial court did not have jurisdiction to enter the March 14, 2012 amended judgment.

### PROCEDURAL BACKGROUND

On May 13, 2010, the state filed a criminal complaint against defendant Lorenzo Callies for felony stealing, in violation of section 570.030 RSMo (2000).[1] The trial court set bond at $3,500. On June 27, 2010, Dawn Cords posted a $3,500 surety bond, to which a document appointing her as Attorney–in–Fact for Stacy A. Moore was attached. After defendant failed to appear for arraignment, the circuit court ordered the bond forfeited and on April 15, 2011, after a hearing, entered a judgment of bond forfeiture against Ms. Cords in the amount of $1,500.

On November 10, 2011, Ms. Cords filed a motion to set aside the April 15, 2011 judgment of bond forfeiture on the ground that defendant had been in custody since June 4, 2011. On December 12, 2011, the circuit court denied the motion to set aside the judgment. On December 22, 2011, Ms. Cords filed a notice of appeal from the

---

1. All further statutory references are to RSMo (2000).

denial of her motion to set aside the judgment.

On March 1, 2012, we entered an order to show cause. We indicated that it appeared we were without jurisdiction because the order denying the motion to set aside did not comply with Rule 74.01(a) in that it was not denominated a "judgment." We directed Ms. Cords to file a supplemental legal file with a copy of a judgment that complied with Rule 74.01(a) or to show cause on or before March 19, 2012, why her appeal should not be dismissed for lack of a final, appealable judgment.

On March 14, 2012, the circuit court held a hearing and entered an amended judgment for bond forfeiture in the amount of $3,500 against Mr. Moore as surety. The amended judgment provided: "Upon Application of the State, the Judgment issued on April 15th, 2011 is amended. Judgment entered in favor of the State against Surety, Stacy A. Moore, in the amount of $3,500.00."

On March 19, 2012, Ms. Cords filed a response to the order to show cause to which she attached the circuit court's March 14, 2012 amended judgment, advised this court that Mr. Moore intended to appeal from the amended judgment, and requested that her own appeal be stayed until this court resolved Mr. Moore's appeal.

On April 13, 2012, Mr. Moore filed a notice of appeal from the March 14, 2012 amended judgment.

On May 23, 2012, we entered an order addressing Ms. Cords's response and motion to stay. We stated:

After this Court issued the show cause order, on March 14, 2012, the trial court entered an "Amended Judgment," in which it purported to amend the judgment of April 15, 2011. This judgment did not address the December 12, 2011, order denying Appellant's motion to set aside. Instead, the judgment amended the judgment of bond forfeiture by entering a new judgment against another surety Stacy A. Moore in the amount of $3500. Moore has appealed from this judgment, and this appeal was given appeal No. ED98345. Appellant Cords asks that this appeal be stayed, because as the appeal is currently situated, she "has no interest in the outcome of this case. . . ."

We denied Ms. Cords's motion to stay and consolidated the appeals of Ms. Cords and Mr. Moore.

## DISCUSSION

Ms. Cords and Mr. Moore have filed a joint brief. In their sole point on appeal, they assert that the trial court erred in entering the amended judgment of bond forfeiture because the forfeiture order should have been set aside and the surety should have been discharged from liability on the bond in that before the court entered the amended judgment, defendant was incarcerated on the bond.

An action to enforce a forfeiture on the bond is in the nature of a civil action. *State v. Yount*, 813 S.W.2d 85, 87 (Mo.App.1991). As a result, Rules 74 and 75 apply to judgments of bond forfeiture. *See State v. Henderson*, 493 S.W.2d 31, 32 (Mo.App.1973) (Rule 74.01); *State v. Goodrich*, 12 S.W.3d 770, 775 (Mo.App.2000) (Rule 74.06(b)); *Yount*, 813 S.W.2d at 87–88 (Rule 75.01). Ms. Cords and Mr. Moore appeal from separate "judgments." We will address each appeal separately.

*Ms. Cords's Appeal*

Ms. Cords filed a notice of appeal from the trial court's denial of her motion to set aside the judgment of bond forfeiture. Judgments of bond forfeiture may be set aside pursuant to Rule 74.06(b) for

the reasons set forth in that rule. *Goodrich*, 12 S.W.3d at 775. *See also State v. Michael R. Thomas Bail Bond Co.*, 367 S.W.3d 632, 633–34 (Mo.App.2012); *State v. Cook*, 104 S.W.3d 808, 811 (Mo.App. 2003); *State v. Siemens*, 12 S.W.3d 776, 779 (Mo.App.2000). The independent nature of a Rule 74.06 proceeding requires that a new final judgment be entered in that proceeding to invoke appellate jurisdiction. *Lake Osage Condominium Ass'n v. Prewitt*, 179 S.W.3d 331, 335 (Mo.App. 2005) (quoting *American Standard Ins. Co. v. Bittick*, 112 S.W.3d 55, 56–57 (Mo. App.2003)). To be a judgment, the order must comply with Rule 74.01(a) and leave nothing for future determination, be signed by the judge, and be denominated a "judgment." *Lake Osage*, 179 S.W.3d at 335. *See also City of St. Louis v. Hughes*, 950 S.W.2d 850, 852–53 (Mo. banc 1997).

◼ Ms. Cords has never filed a judgment denying her motion to set aside the bond forfeiture. The December 12, 2011 denial of her motion to set aside is the only order to which her notice of appeal relates. Because this denial is not a judgment, we lack authority to consider the case and must dismiss her appeal. *Hughes*, 950 S.W.2d at 853; *Stewart v. Liberty Mut. Fire Ins. Co.*, 349 S.W.3d 381, 384 (Mo. App.2011).

*Mr. Moore's Appeal*

◼ As in all appeals, we must first determine whether we have appellate jurisdiction. *Spicer v. Spicer Revocable Living Trust*, 336 S.W.3d 466, 468 (Mo. banc 2011). In cases in which the trial court has entered a judgment when it did not have jurisdiction, we have jurisdiction of the appeal only to consider whether the trial court had jurisdiction. *In re Estate of Shaw*, 256 S.W.3d 72, 77 (Mo. banc 2008). If we determine that the trial court did not have jurisdiction to enter a judgment, we cannot consider the merits of the appeal. *Id.* Rather, we remand the case with instructions to vacate any order or judgment entered without jurisdiction. *Shaw*, 256 S.W.3d at 77; *State v. Joordens*, 347 S.W.3d 98, 101–02 (Mo.App.2011); *Applied Bank v. Wenzlick*, 344 S.W.3d 229, 231 (Mo.App.2011).

◼ As we have already stated, a judgment of bond forfeiture must comply with Rule 74.01 and leave nothing for future determination, be signed by the judge, and be denominated a "judgment." *Lake Osage*, 179 S.W.3d at 335; Rule 74.01. A trial court retains jurisdiction over a case for thirty days after the entry of a judgment. Rule 75.01; *Spicer*, 336 S.W.3d at 470. The April 15, 2011 judgment of bond forfeiture, which was entered pursuant to section 544.640 and Rule 33.14, satisfied all the requirements of a judgment, and because no authorized after trial motion was filed, it became final after thirty days.

◼ After a judgment becomes final, unless applicable supreme court rules for relief from judgment are utilized, a trial court has no jurisdiction to entertain proceedings affecting a judgment. *Spicer*, 336 S.W.3d at 469; *State ex rel. Blake & Davis v. Thornhill*, 247 S.W.3d 590, 592 (Mo.App.2008); *In re Marriage of Grigery*, 818 S.W.2d 738, 740 (Mo.App.1991). After a trial court is divested of jurisdiction "any attempt by the trial court to continue to exhibit authority over the case, whether by amending the judgment or entering subsequent judgments, is void." *Spicer*, 336 S.W.3d at 469. As a result, the amended judgment of bond forfeiture entered by the trial court on March 14, 2012, was void. The cause in which the March 14, 2012 amended judgment was entered must be remanded with instructions to vacate that order.

*Conclusion*

Ms. Cords's appeal is dismissed. The cause in which the March 14, 2012 amended judgment was entered is remanded with directions to the trial court to vacate that order.

MARY K. HOFF and LISA VAN AMBURG, JJ., concur.

