

# Missouri Court of Appeals

## Southern District

### Division One

IN THE INTEREST OF K.J.L., S.L.L.,    )
                                      )
              Appellant,              )
                                      )
       vs.                            )    No. SD32843
                                      )
GREENE COUNTY JUVENILE OFFICE,        )    FILED: January 13, 2014
                                      )
              Respondent.             )

APPEAL FROM THE CIRCUIT COURT OF GREENE COUNTY

Honorable David C. Jones, Judge

**REMANDED WITH DIRECTIONS**

Appellant seeks to appeal from the denial of her untimely after-trial motion. The trial court had no jurisdiction to enter the "Judgment and Order" at issue, which was void. ***Spicer v. Donald N. Spicer Revocable Living Trust***, 336 S.W.3d 466, 468-71 (Mo. banc 2011). We remand with directions. ***In re Estate of Shaw***, 256 S.W.3d 72, 73, 77 (Mo. banc 2008).

## Background

The juvenile office filed a petition to terminate Appellant's parental rights. Appellant conferred with her counsel and executed a consent to termination of those

rights and a supporting affidavit.  Appellant and her counsel appeared in court and tendered the executed documents, which the court reviewed, accepted, and approved after hearing from Appellant and her counsel and finding that such consent was freely and knowingly executed.

Appellant's parental rights were terminated in a judgment entered on August 17, 2012 ("Judgment I").  No appeal was taken and no after-trial motion was filed until October 11, 2012, when Appellant filed a "Motion to Set Aside Voluntary Consent to Termination of Parental Rights."[1]  After a brief status hearing, the court denied the motion because it was filed more than 30 days after Judgment I.

An appeal from that order was dismissed for lack of a Rule 74.01 judgment.[2] On June 18, 2013, the trial court entered a "Judgment and Order" that "reissued" its prior order "as a final judgment so that appropriate appellate review can take place." This appeal followed.

## Analysis

In all appeals, we must examine our jurisdiction *sua sponte*.  **Spicer**, 336 S.W.3d at 468; **State v. Callies**, 389 S.W.3d 249, 252 (Mo.App. 2012).

> In cases in which the trial court has entered a judgment when it did not have jurisdiction, we have jurisdiction of the appeal only to consider whether the trial court had jurisdiction.  If we determine that the trial court did not have jurisdiction to enter a judgment, we cannot consider the merits of the appeal.  Rather, we remand the case with instructions to vacate any order or judgment entered without jurisdiction.

---

[1] The motion alleged no fraud, duress, mistake, or the like. The only allegation pressed by Appellant was that she was "not in her right mind" when she executed the consent because she was grieving her mother's death some two months earlier.

[2] Rule references are to Missouri Court Rules (2012).

***Callies***, 389 S.W.3d at 252 (citations omitted).

A trial court retains jurisdiction for 30 days after entry of a final judgment. *See* Rule 75.01; ***Spicer***, 336 S.W.3d at 470; ***Callies***, 389 S.W.3d at 252. Thereafter, "the trial court is divested of jurisdiction, unless *a party* timely files an authorized after-trial motion." ***Spicer***, 336 S.W.3d at 468-69.[3] "Following divestiture, any attempt by the trial court to continue to exhibit authority over the case, whether by amending the judgment or entering subsequent judgments, is void." ***Spicer***, 336 S.W.3d at 469.

Here, Judgment I was entered August 17, 2012. "Because it was a final judgment, the trial court lost jurisdiction over the case 30 days after its entry" (***id***. at 470), and prior to Appellant's October 2012 motion. ***Id***. at 470-71. "To the extent that Appellant raises issues relating to orders or judgments entered after Judgment I, the trial court was without jurisdiction to enter them and, therefore, those orders and judgments are void." ***Id***. at 471.[4]

## Conclusion

We remand and direct the trial court to vacate its June 18, 2013 "Judgment

---

[3] ***J.C.W. ex rel. Webb v. Wyciskalla***, 275 S.W.3d 249 (Mo. banc 2009), does not affect the use of the term "jurisdiction" here. ***Spicer***, 336 S.W.3d at 468-69.

[4] Appellant contends, for the first time on appeal, that her motion should be read as one in the nature of *coram nobis*. Even if we could consider this argument, "[c]oram nobis requires a showing that the trial court's judgment is based on a mistake of fact which, if known to the trial court, would have prevented the court from entering its judgment on jurisdictional grounds." ***Sprung v. Negwer Materials, Inc.***, 727 S.W.2d 883, 888 n.5 (Mo. banc 1987). Civil writs of *coram nobis* were abolished explicitly by Rule 74.06, adopted subsequent to ***Sprung***.

and Order" and all other orders relating to Appellant's October 11, 2012 motion.

DANIEL E. SCOTT, J. – OPINION AUTHOR

NANCY STEFFEN RAHMEYER, P.J. – CONCURS

WILLIAM W. FRANCIS, JR., C.J. – CONCURS