THE STATE v. ETHEL GREEN et al.; C. C.
CRAWFORD, Appellant.

**Division Two, February 23, 1915.**

RECOGNIZANCE: Delivery of Prisoner Before Judgment.  If the
surety on a bail bond delivers the prisoner into court before
final judgment, and pays all costs that have accrued at the
term at which the prisoner was recognized to appear, the surety
is entitled to be discharged from any further liability upon the
recognizance.  And though the prisoner escaped to another
State, and the case was continued for several terms at the
surety's request, and though at said terms the prisoner might
have been prosecuted because of the presence of the prosecuting
witness, and when the prisoner was produced the case could not
be prosecuted because of the absence of said witness in another
State, the surety, nevertheless, if that is the term to which
the case had by the court's records been continued, is en-
titled to be discharged from liability on the recognizance.

Appeal from St. Louis City Circuit Court.—*Hon.
Thomas C. Hennings,* Judge.

REVERSED.

*William E. Fish* and *Roy A. Fish* for appellant.

We did all that was possible with time, effort and
money to deliver the principal into court, and did so.
The court was satisfied we had done so and set the for-
feiture aside and we paid all costs; in other words, we
showed good cause. What cause was shown to the court
to reinstate the forfeiture we don't know. As there is
no evidence of any such proceedings before us, or this
court, we will ask this court to read the case of State
v. Taylor, 136 Mo. 462. Under this decision and Sec.
5124, R. S. 1909, this appellant should be relieved from
paying this $800.

*John T. Barker,* Attorney-General, and *Shrader P. Howell* for the State.

(1)   After judgment has been pronounced the court has full power to correct, alter or vacate it at any time during the term. Sec. 4150, R. S. 1909; Freeman on Judgments, sec. 90; Aull v. Trust Co., 149 Mo. 13; State v. Harrison, 10 Mo. 687; State v. Gartrell, 171 Mo. 487. (2)  The fact that the principal is imprisoned in a foreign jurisdiction is not sufficient to work the release of her surety upon the former's failure to appear in the court to which recognized.  The bond was given on December 1, 1911, and the principal failed to appear in the court of criminal correction on December 12, 1911, and again made default on the 21st day of December, 1912, on which latter date the record of the said Court was transferred to and filed in the circuit court for further proceedings. If the principal were in fact within the jurisdiction of the St. Louis Court of Criminal Correction on either of the above dates and failed to appear, the liability of the surety under the bond then became fixed, and it would affect in nowise such liability that subsequent to such date the principal voluntarily went to a foreign jurisdiction and was there imprisoned.  Upon a careful reading of the evidence submitted on the hearing in the circuit court, it will appear that the surety first made an effort to return the principal from the State of Illinois in the spring of 1913, which was more than a year subsequent to the breach of the bond.  When a person charged with crime is delivered over to the jailor of his own selection, the latter must produce the one so recognized at the time and place designated, or in lieu thereof be prepared to meet the penalty of the bond which he has voluntarily entered into.  Secs. 5019, 5134, R. S. 1909; Kelley's Crim. L. & Pr., sec. 100, p. 86; 5 Cyc. 133; State v. Shore, 6 Mo. 640; State v. Horn,

70 Mo. 466; State v. Taylor, 136 Mo. 465; State v. Epstein, 186 Mo. 101; St. Louis v. Smith, 235 Mo. 66; United States v. Van Fossen, 1 Dill. 406; State v. McAllister, 54 N. H. 156; State v. Merrihew, 47 Iowa, 112; State v. Cain, 55 Ala. 170. (3)  In the absence of abuse of the trial court's discretion in determining the sufficiency of an excuse offered by surety for failure to produce the principal, this court will not interfere. 5 Cyc. 136; State v. Clifford, 124 Mo. 492. (4)  It is conclusively shown by the record that the principal was in lawful custody, charged with the felony of grand larceny; that she was released upon the faith of the recognizance voluntarily entered into by the surety and that the terms of such bond were breached and that the surety failed to produce the principal for more than one year subsequent to the day to which she was lawfully recognized.

WILLIAMS, C.—On January 6, 1913, a *scire facias* was duly issued from the office of the clerk of the circuit court of the city of St. Louis, citing appellant to appear and show cause why execution should not issue against him upon a debt of $800, acknowledged to be due by a forfeited recognizance. From said writ, it appears that, on November 21, 1911, appellant became surety upon a recognizance for the appearance of one Ethel Green, *alias* Ethel Brown, before the St. Louis Court of Criminal Correction on the 12th day of December, 1911, then and there to answer the charge of grand larceny, etc.; that numerous continuances were granted and finally, on December 21, 1912, default was made by said Ethel Green, and thereupon said St. Louis Court of Criminal Correction duly certified said recognizance and record of said default to the circuit court of the city of St. Louis and judgment of forfeiture was entered therein.

The proceeding under the *scire facias* was continued from time to time, at the request of said surety, un-

til May 6, 1913, on which date the surety produced the said Ethel Green in court and paid the costs and the court made an order setting aside the forfeiture of said bond. Thereafter the State filed its motion to set aside the order setting aside the forfeiture, which motion was by the court sustained on May 31, 1913, and the proceeding under the *scire facias* was reinstated. Later said surety filed answer to the writ and thereupon the State filed its reply. On February 13, 1914, evidence was heard upon the issues presented by the pleadings, and, upon said date, the court entered final judgment against said surety and ordered that an execution issue. The surety thereupon perfected an appeal to this court.

The evidence upon the part of the surety tended to establish the following facts. The execution of the bond was admitted. After the default was made, the surety began a search for the prisoner and, in the spring of 1913, located her in the jail at Decatur, Illinois. The surety thereupon attempted to get the Decatur officials to allow her to be brought back to St. Louis, but they refused. Upon the expiration of her jail sentence, the surety, at his own expense, sent a police officer from St. Louis to Decatur for the purpose of returning the prisoner. The police officer made the trip, but the authorities at Decatur turned the prisoner over to the officers of Springfield, Illinois, where she was wanted on a minor charge. Later, through the efforts of the surety, and at his expense, she was brought from Springfield to St. Louis and there, on May 6, 1913, produced in court by the surety and the costs were then paid by said surety. The surety further testified that at the time he signed the bond he did not know the prisoner. That after signing the bond he received twelve dollars from a man purporting to be the husband of the prisoner, and the promise that he would be paid thirteen dollars more. After the default first

occurred, in the St. Louis Court of Criminal Correction, the cause was continued a number of times, at the request of surety's attorney, in order to give the surety an opportunity to produce the prisoner.

The evidence upon the part of the State tended to establish the following facts. That the prisoner, Ethel Green, a colored woman, was charged with the crime of grand larceny, more particularly, in stealing the sum of $574.30 from one Parsons, a man then in St. Louis, but whose home was in Tennessee. When the case was first set for trial, the prosecuting witness was present in court to testify, but the case had to be continued because the prisoner did not appear. The prosecuting witness being a nonresident, the police found employment for him in St. Louis, so that he might remain and be present at the trial. On two later occasions when the case was set for hearing the prosecuting witness appeared, but the trial could not be had because of the prisoner's absence. Thereafter the prosecuting witness went to his home in Tennessee. It further appears from the evidence of the State ''that on May 6, 1913, the aforesaid surety caused the said Ethel Green, *alias* Ethel Brown, to be apprehended and delivered to the sheriff of the city of St. Louis," but that after the delivery of said prisoner the State was unable to find the prosecuting witness, and for that reason the case against the prisoner was dismissed and the prisoner discharged. It further appears from the State's evidence that at the time the surety delivered his principal to the sheriff on May 6, 1913, he also paid the costs.

By the State's own evidence, it is shown that before final judgment was entered upon the forfeited recognizance, the surety surrendered his principal into open court or to the sheriff and paid the costs in said cause. Under such circumstances the case clearly falls

within the scope of section 5131, Revised Statutes 1909. Said section is as follows:

"The bail at any time before final judgment against him upon a forfeited recognizance, may surrender his principal in open court or to the sheriff; and upon the payment of all costs occasioned by the forfeiture, and all cost that may accrue at the term to which the prisoner was recognized to appear, may thereupon be discharged from any further liability upon the recognizance."

It appears that by the provision of said section, the surety was, upon the above showing, entitled, as a matter of right, to "be discharged from any further liability upon the recognizance." This is the view taken of said section by this court in the case of State v. Taylor, 136 Mo. 462.

It therefore follows that the court erred in rendering final judgment against appellant and that the judgment must be reversed. It is so ordered. *Roy, C.,* concurs.

PER CURIAM—The foregoing opinion of WILLIAMS, C., is adopted as the opinion of the court. All the judges concur.