COUNTY OF HOWARD v. COUNTY OF MONITEAU ET AL., Appellants.— 78 S. W. (2d) 96.

Division Two, January 7, 1935.

*Roy L. Kay* and *J. B. Gallagher* for appellants.

*Tyre W. Burton* and *Roy D. Williams* for respondent.

FITZSIMMONS, C.—This case comes to the writer upon reassignment.

█ The sole question for decision is whether the cause of action of respondent, County of Howard, was barred by the five-year Statute of Limitations. The Circuit Court of Moniteau County, before which the case was tried without a jury, ruled against the appellants, County of Moniteau and T. A. Harvey, its treasurer, the defense of the statute, and gave judgment in favor of respondent, County of Howard, in the sum of $437. Our jurisdiction of the appeal is fixed by the Constitution, Section 12, Article 6, and Section 5 of the Amendment of 1884 to Article 6. Upon change of venue of a criminal case from Moniteau County to Howard County the defendant who was convicted defaulted upon an appeal bond. The amount of the bond was collected by the Howard County officers and remitted to Moniteau County. The suit was to recover back the money so remitted. The petition recited that respondent's "agent John M. Dougherty, who was then Circuit Clerk of Howard County on the 1st day of May, 1924, through mistake and wrongfully paid to the Treasurer of the County of Moniteau the sum of $400," the proceeds of the bond forfeiture; "that said funds to-wit four hundred dollars belonged to and were a part of the school funds of Howard County, Missouri, for which the plaintiff herein was the custodian and trustee of said fund." The petition also alleged that the respondent, Howard County, demanded the sum of appellant, Moniteau County on June 10, 1929, but payment was refused. Suit was filed in the Circuit Court of Moniteau County on November 13, 1930. The bar of the five-year Statute of Limitations was pleaded in the answer. From the date of payment, May 1, 1924, to the date of demand, June 10, 1929, there elapsed five years, one month and eighty-nine days. The interval between the date of payment, May 1, 1924, and the institution of the suit on November 13, 1930, was six years, six months and twelve days. Appellant, Moniteau County, contends that the cause of action accrued at the payment of the money by Howard County on May 1, 1924, and the Statute of Limitations began to run from that date. If this be the law, the action was barred and the judgment should be reversed. Respondent, Howard County, insists that the statute did not begin to run until Howard County, "the proper custodian, knew of the misappropriation or the misapplication," of the money, the date of which knowledge is said to be the time of demand, June 10, 1929. In this view of the law, the judgment should be affirmed.

█ The defendant in the criminal case, originating in Moniteau County, was found guilty upon trial in the Circuit Court of Howard County, and his punishment was assessed at a fine of $100. Upon taking an appeal, he gave an appeal bond in the sum of $400, signed by a surety company and one other as sureties. The judgment and sentence of the *Howard County* Circuit Court, which later

was affirmed by the Kansas City Court of Appeals, was in the parts bearing on this appeal, as follows:

"It is therefore ordered by the Court that the State of Missouri for the benefit of the school fund of *Moniteau County*, Missouri have and recover of and from said defendant the sum of one-hundred dollars, the fine so assessed, together with the costs in this behalf so expended."

Upon the affirmance of the judgment and sentence, the defendant defaulted, and the Prosecuting Attorney of Howard County with commendable diligence caused the appeal bond to be forfeited, judgment to be rendered against the sureties and the amount of this judgment fully collected by execution, all of which proceedings—forfeiture, judgment and issuance of execution—were had in the Howard County Circuit Court. There are in the record thirteen letters which passed between the prosecuting attorneys of the two counties with reference to the forfeiture and collection of the appeal bond. This correspondence shows that the two officers had in mind that the proceeds of the bond collection should go into the Moniteau school fund just as the original Howard County sentence provided that the fine should go. When the money collected by the Sheriff of Cole County in satisfaction of the execution reached the Circuit Clerk of Howard County, it was the prosecuting attorney of the latter county who remitted to the Prosecuting Attorney of Moniteau County the check of the Howard County Circuit Clerk for the avails of the judgment. And thus the money passed into the school fund of Moniteau County instead of into the Howard County school fund.

In the case of Gross v. Gentry County and Atchison County, 8 S. W. (2d) 887, which was an interpleader proceeding brought by the surety upon a forfeited recognizance bond, the Supreme Court en banc held that the judgment of forfeiture should be paid to Gentry County, to which county the criminal cause out of which the forfeiture arose had been transferred on change of venue from Atchison County. The court also held that under Section 8, Article 11, Constitution of Missouri, the proceeds of the forfeiture judgment should go to the school fund of Gentry County despite the provision of Section 2862, Revised Statutes 1899, that such moneys should be for the benefit of the criminal cost fund. It is clear therefore that, in the instant case, the avails of the forfeiture judgment belonged to the school fund of Howard County. It may be noted, however, by way of approach to the question of limitation of action, that the opinion of the Court en banc in the Gentry County case, supra, was delivered June 21, 1928; the motion for a rehearing was denied July 3, 1928; and therefore that the opinion was first printed for general publication in late July or the early fall of 1928. These several dates are respectively more than four years after Howard County

paid the money here in dispute to Moniteau County. The Gentry County case, supra, was one of first impression in this court, and raised a question of disposition of public funds for which, the opinion frankly confessed, there was no express statute. In the Gentry County case, also, the lower court gave judgment for Atchison County which occupied the position of Moniteau County in the instant case. From all these collateral facts we may infer that the prosecuting attorneys of Howard and Moniteau counties on May 1, 1924, acted on the theory that the forfeited money belonged to Moniteau, quite unmindful that, when the question would reach the Supreme Court for the first time, the decision would be that under the law the money should have stayed in Howard County. Quite rightly respondent limited its petition to a charge of mistake on the part of its own agent. There are not pleaded or present in any form any elements of fraud or breach of trust by any agent of either party.

The decision of the question of limitations turns upon the construction of the statute with respect to trusts. Counsel for both parties adopt the theory that Moniteau County, having received the money contrary to law as later declared, was a trustee for the benefit of the Howard County school fund. But the trust created was at best an implied trust, a trust of which Moniteau County had no knowledge or source of knowledge at the time of the receipt of the money in 1924. It is settled law that "where the relation is that of trustee of an express trust, such as an administrator, curator, or the like, the Statute of Limitations never runs against a claim of a *cestui que trust* until the trust is repudiated by the trustee." [Koppel v. Rowland, 319 Mo. 602, 4 S. W. (2d) 816, l. c. 818.] But it is equally certain under decisions of this court that it is only in express trusts that the Statute of Limitation of actions does not run until repudiation by the trustee. In implied trusts, particularly if there be ground for an action at law, as here, the statute runs from the date of the accrual of the cause of action. [Landis v. Saxton, 105 Mo. 486, 16 S. W. 912, 24 Am. St. Rep. 403; Shelby County v. Bragg, 135 Mo. 291, 36 S. W. 600.] In the latter case (Shelby County v. Bragg), the county sued the defendant for fees which he had collected and had not accounted for during his terms of office as circuit clerk and *ex officio* recorder from January 1, 1875, to January 1, 1883. To avoid the operation of the Statute of Limitations, the county pleaded that defendant in his official statements to the county court falsely and fraudulently concealed the true amount of the fees received and hence the county did not learn the true state of facts until 1892. But this court held that the action when commenced was barred by the Statute of Limitations. The following declaration of law in the Shelby County case is applicable here (Shelby County v. Bragg, 135 Mo. 291, l. c. 296, 36 S. W. l. c. 600):

"The action is at law for money had and received for the use of the county, and does not, therefore, fall into that class of continuing trusts to which the Statutes of Limitations do not apply until the trust is denied. 'The trusts intended by the court of equity not to be reached or affected by the Statute of Limitations are those technical and continuing trusts which are not all cognizable at law, but fall within the proper, peculiar and exclusive jurisdiction of courts of equity.' [Kane v. Bloodgood, 7 Johns. Ch. 110. See Johnson v. Smith's Admr., 27 Mo. 593.] The rule is that 'in implied trusts which grow out of the facts and circumstances of each case, the statute commences to run as soon as a party has a right to commence a suit to declare and enforce it.' [Keeton's Heirs v. Keeton's Admr., 20 Mo. 530.]"

In the instant case, whatever cause of action Howard County may have had against Moniteau County accrued as soon as Howard County paid the money in controversy to Moniteau County on May 1, 1924, and on that date the Statute of Limitations began to run.

In view of this conclusion, the judgment of the Circuit Court of Moniteau County in favor of respondent Howard County is reversed. *Cooley* and *Westhues, CC.,* concur.

PER CURIAM:—The foregoing opinion by FITZSIMMONS, C., is adopted as the opinion of the court. All the judges concur.