**STATE of Missouri, Respondent,**

v.

**Otis Lamar STREET, Appellant.**

**No. KCD 26506.**

Missouri Court of Appeals, Kansas City District.

May 6, 1974.

Motion for Rehearing and/or Transfer to Supreme Court Denied June 3, 1974.

226

A. V. McCalley, Richmond, for appellant.

James S. Millett, Prosecuting Atty., Kingston, for respondent.

Before DIXON, C. J., and SHANGLER and WASSERSTROM, JJ.

DIXON, Chief Judge.

This is an appeal from an order of the trial court denying appellant bonding company's motion to set aside a bond forfeiture on the surrender of the defendant. The surety has filed a brief, but the prosecuting attorney has filed none for the respondent.

The proceedings in the court below are somewhat tangled and an attempt will be made to set them out in chronological order.

The defendant was charged with the felony of issuing a no funds check and a surety bond of $1,000 was offered and accepted, the surety being the Bradshaw Bonding Co.

The criminal case was set for trial on July 3, 1972, the prosecutor and defense counsel appeared, but the defendant did not. The court inquired if the prosecutor had any request to make, and he responded that he wanted the matter set down for trial. The court stated that it was first necessary to have the defendant before the court and that "Court orders his bail revoked and a warrant ordered issued."

On July 5, the clerk notified the surety of the court's action but used in that notice the language that ". . . defendant's bond ordered forfeited, . . . ."

On September 8, 1972, the prosecuting attorney filed a formal motion to forfeit bond. On September 11, 1972, the court took up this motion. The record does not reflect how the surety learned of the proceeding, but a Mrs. Ogan appeared as "agent" for the surety. From a remark of the prosecutor, it would appear that Mrs. Ogan was in the courthouse on another matter and the prosecutor orally advised her of the proceeding. The court asked her if she would waive written notice, and she did so. The surety indicated she had been unable to produce the defendant, but hoped to do so soon.

The agent for the surety also remarked, "I would like for this to be placed in Escrow." The court then said:

"THE COURT: Well, the only thing the Court can do this morning is sustain the motion unless you have some legal reason why the motion should not be sustained and enter a default judgment against the surety company and issue execution. You may satisfy that execution with the clerk if you desire, but disposition will be according to the terms of the law at this point.

MRS. OGAN: Okay.

THE COURT: All right. Let the record show that the Court enters default judgment against the surety on defendant's bond, Bradshaw Bonding Company, in the amount of $1,000, and execution ordered thereon.

That's all we can do this morning and you can satisfy that with the clerk."

On October 2, 1972, the defendant was surrendered to the court by the surety and when the surety inquired of the status of the bond, the court indicated that no pleadings had been filed but that pleadings could be filed to set aside the forfeiture.

The court also made a remark indicating that any such relief might involve repayment.

A motion was thereafter filed on October 10, 1972, requesting the forfeiture be set aside pursuant to the surety's delivery of the prisoner on September 25, 1972, and under the authority of Rule 32.11, V.A.M.R., and Section 544.610 RSMo 1969, V.A.M.S. This motion was called up on October 27, 1972. No evidence was heard and the record reflects only that the motion was overruled.

This record does not demonstrate any writ of scire facias ever having been issued, nor any motion for judgment pursuant to Rule 32.12 RSMo 1969, V.A.M.S.

There is no entry reflecting any satisfaction of a purported judgment.

Appellant's brief does not inform as to the payment of the $1,000 and respondent has not filed any brief. It is a fair inference from this record that the money was deposited in the hands of the Clerk. In view of the uncertainty of this aspect of the case, the Circuit Clerk of Caldwell County has, at our request, pursuant to Rule 81.12(c) certified to this court that there was deposited with her the sum of $1,000 in cash and the same has been transferred to the Circuit Clerk of Ray County whence the underlying criminal case has been transferred on a change of venue.

■ First, there is no valid judgment against the surety on the forfeiture. The court had authority to forfeit the bond and enter the fact of that forfeiture on the court's minutes when the defendant failed to appear. (Section 544.640 RSMo 1969, V.A.M.S.). Nor was the court required to give prior notice to the surety of such forfeiture. But to enter a judgment, there must be a further proceeding whether denominated as a Writ of Scire Facias under Section 544.060, which requires service as specified therein or a motion for judgment under Rule 32.12 which permits service on the clerk as agent for the obligors. In the latter case, the rule specifically provides that the clerk shall mail copies to the last-known addresses of obligors. Absent some compliance with either the statute or the rule, the court was without jurisdiction to enter a judgment on the bond.

> "A fundamental principle of procedure recognized and applied by courts in every country where judgments are rendered only upon notice and inquiry, as distinguished from those countries where a dictator's will is the law, is that a judgment rendered by a court without jurisdiction is not a final and binding judgment. Furthermore, an indispensable prerequisite to the lawful exercise of power by our courts is reasonable notice to parties whose interests are to be affected by the action of the court." In re Waters' Estate, 153 S.W.2d 774, 775 (Mo.App.1941).

■ Nor could the voluntary appearance of the surety on September 11 when only a motion to forfeit bond was before the court constitute a waiver of service sufficient to permit the rendition of a judgment on the bond which the court purported to enter.

■ Nor does the deposit of the funds by the surety, whether viewed as voluntary or pursuant to the court's urging, waive the necessity for appropriate proceedings to establish a judgment in favor of the State. State v. Simpson, 203 S.W. 643 (Mo.App.1918), holds that a deposit by the surety prior to a valid judgment is " . . . nothing more than a deposit of money with the clerk to be held by him until the court rendered a final judgment . . ."

■ Viewing the case then shorn of the procedural irregularities, it is a case where the court has forfeited the bond and the surety thereafter has delivered the defendant in open court prior to any judgment on the forfeiture. Under these circumstances, it is clear that the release of the surety is mandatory. Section 544.610 RSMo 1969, V.A.M.S., and its predecessor statutes as construed in State v. Crawford, 263 Mo. 637, 173 S.W. 673 (1915), State v. Wynne, 356 Mo. 1095, 204 S.W.2d 927 (1947), Rule 32.12 RSMo 1969, V.A.M.R. The statute case law and rule referred to are all based on the reasoning that the purpose of bail is to secure the presence of the defendant and not increase revenue or to punish the bailor. Likewise, the transfer of custody to the bailors and the peril of financial loss to them obligates them as watchmen over the defendant and sometimes aiders of the officers in apprehending the defaulting defendant. The mandatory discharge of the surety on surrender of the defendant prior to judgment is clearly an

incentive to diligence on the part of sureties.

■■ Since the cause will be reversed with directions, it becomes necessary to determine what is the appropriate forum in view of the subsequent change of venue in the underlying criminal case. It has long been recognized that an action to enforce a forfeiture on a bond is in the nature of a civil action. Gross v. Gentry County, 320 Mo. 332, 8 S.W.2d 887, 890 (Banc 1928); State v. Gross, 306 Mo. 1, 275 S.W. 769 (Banc 1924). As stated in State v. Wynne, 238 Mo.App. 436, 181 S.W.2d 781, 783 (1944), "The order of forfeiture . . . must be proceeded on to final judgment in that court." Although that case involved a transfer of the criminal case to another division in Jackson County and not a change of venue, the principle applies and the proceedings on this matter still pend in Caldwell County, if for no other reason, the fact that the proceeds of the forfeiture belong to the school fund of the county in which the forfeiture occurs. Gross v. Gentry County, 320 Mo. 332, 8 S.W.2d 887 (Banc 1928). Howard County v. Moniteau County, 336 Mo. 295, 78 S.W.2d 96 (1934). Article 9, Section 7, Constitution of Missouri, V.A.M.S., would require as a matter of policy that the enforcement of such a forfeiture be left in the hands of the prosecuting attorney of the county to which the benefit flows. On the authority of the last two cited cases, the transfer of the funds herein from the Circuit Clerk of Caldwell County to the Circuit Clerk of Ray County was improper, Ray County having no interest in the funds. To expedite the ultimate disposition of this cause and pursuant to the power of superintending control (Article 5, Section 4, Missouri Constitution), the mandate in this case will issue to the Circuit Court of Ray County in the pending cause as well as to the Circuit Court of Caldwell County. As to Ray County, it will require the entry of an order paying the funds in the hands of the Clerk to the surety and as to Caldwell County, the direction will be to set aside the forfeiture and discharge the surety.

This cause is, therefore, remanded, insofar as the order of forfeiture is concerned, to the Circuit Court of Caldwell County with directions to enter an order setting aside the forfeiture and discharging the surety. The Circuit Court of Ray County is directed to make and enter an order to the Clerk of the Circuit Court directing the funds in the hands of the Clerk be paid to the surety herein in the amount of $1,000.

All concur.