STATE of Missouri, Respondent,

v.

MICHAEL R. THOMAS BAIL BOND COMPANY, Appellant.

No. WD 74120.

Missouri Court of Appeals, Western District.

May 9, 2012.

Daniel Miller, Columbia, MO, for Appellant.

Donald Stouffer, Marshall, MO, for Respondent.

Before JOSEPH M. ELLIS, P.J., JAMES EDWARD WELSH, and ALOK AHUJA, JJ.

JAMES EDWARD WELSH, Judge.

Michael R. Thomas Bail Bond Co. (Thomas Bail Bond) appeals the circuit court's denial of its motion to set aside the court's judgment of bond forfeiture. Thomas Bail Bond asserts that the court erred in failing to extend the judgment date of the bond forfeiture or notify the Missouri Department of Insurance of Thomas Bail Bond's failure to satisfy the judgment pursuant to section 374.763, RSMo Cum.Supp.2011. We affirm.

Thomas Bail Bond is a corporate surety licensed to do business with the circuit court. On May 20, 2010, Thomas Bail Bond posted a $1,000 corporate surety for criminal defendant, Bryant Pirtle. On July 15, 2010, Pirtle failed to appear at his scheduled hearing, and the court ordered forfeiture of the bond. On July 21, 2010, the State moved for a final judgment of bond forfeiture. A forfeiture hearing was scheduled for August 26, 2010, and notice was sent to the parties. Pirtle failed to appear at that hearing, and the court ordered Thomas Bail Bond to surrender Pirtle by October 7, 2010. Both Pirtle and Thomas Bail Bond failed to appear at that scheduled hearing, and the court entered a final judgment of bond forfeiture. On January 13, 2011, a warrant was served on Pirtle, and he, thereafter, appeared in court and entered a guilty plea. On March 16, 2011, Thomas Bail Bond moved to set aside the bond forfeiture. The court denied the motion via docket entry on June 2, 2011, and thereafter issued notice to the Missouri Department of Insurance and Thomas Bail Bond of Thomas Bail Bond's unsatisfied judgment on the bond forfeiture. Thomas Bail Bond appeals.

In its sole point on appeal, Thomas Bail Bond argues that the court erred in denying its motion to set aside the bond forfeiture and contends that the court was required to extend the judgment date of the bond forfeiture pursuant to section 374.763. We disagree.

A motion to set aside a judgment is governed by the sound discretion of the trial court. *State v. Goodrich*, 12 S.W.3d 770, 772 (Mo.App.2000). "We will affirm an order denying a motion to set aside a judgment unless there is no substantial

evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law." *Id.* Matters of statutory construction are questions of law which we review *de novo. Id.*

Bond forfeiture is a two-step process. *Id.* First, the court enters an order of forfeiture when the bond is breached. *Id.* Breach of the bond occurs when the defendant fails to appear in court as required and the court enters that fact in the record. *Id.* Pursuant to section 544.640, RSMo Cum.Supp.2011:

If, without sufficient cause or excuse, the defendant fails to appear for trial or judgment, or upon any other occasion when his presence in court may be lawfully required, according to the condition of his recognizance, the court must direct the fact to be entered upon its minutes, and thereupon the recognizance is forfeited, and the same shall be proceeded upon by *scire facias* to final judgment and execution thereon, although the defendant may be afterward arrested on the original charge, unless remitted by the court for cause shown.

Second, the court must give notice to the parties and offer the surety an opportunity to show cause why judgment should not be entered on the forfeiture. *State v. Yount,* 813 S.W.2d 85, 87 (Mo.App.1991). Rule 33.14 states, in relevant part:

If there is a breach of a condition of a bond, the court in which the criminal case is pending may declare a forfeiture of the bond. The court may direct that a forfeiture be set aside, upon such conditions as the court may impose, if it appears that justice does not require the enforcement of the forfeiture. When a forfeiture has not been set aside, the court shall on motion enter a judgment of default and execution may issue thereon....

Here, the court met all the requisite steps for forfeiture of Thomas Bail Bond's bond. Pirtle failed to appear at his July 15, 2010 hearing, thereby breaching the bond. On that date, the court entered an order of forfeiture and fulfilled the first step of the two-step forfeiture process. The court satisfied the second step of the process when, on July 22, 2010, it issued notice of the State's motion for final judgment of forfeiture and thereafter held a hearing providing Thomas Bail Bond the opportunity to dispute the judgment.[1] When neither Pirtle nor Thomas Bail Bond appeared for the bond forfeiture hearing, the court completed the bond forfeiture process by entering a final judgment of bond forfeiture. Once judgment was final, Thomas Bail Bond was obligated to satisfy the judgment. *State v. Wilson,* 202 S.W.3d 665, 668 (Mo.App.2006).

Section 544.610, RSMo Cum.Supp. 2011, mandates the discharge of a surety if the surety surrenders the defendant prior to final judgment.[2] However, " '[s]ureties know and solemnly contract that the defendant shall appear and abide [by] the orders of the court and in the event of his default are bound by their obligation.' " *Wilson,* 202 S.W.3d at 668 (quoting *State*

---

**1.** The court, in an apparent act of leniency, deferred final judgment from August 26, 2010, until October 7, 2010, by continuing the matter. At the August 26 hearing, the court advised Thomas Bail Bond that it had "until October 7, 2010, at 9:00 a.m. to have defendant appear or bond forfeiture will proceed."

**2.** Section 544.610 states that, "[t]he bailor at any time before final judgment against him upon a forfeited recognizance, may surrender his principal in open court or to the sheriff; and upon the payment of all costs occasioned by the forfeiture, and all costs that may accrue at the term to which the prisoner was recognized to appear, may thereupon be discharged from any further liability upon the recognizance."

*v. Hinojosa*, 364 Mo. 1039, 271 S.W.2d 522, 524 (1954)). Here, Pirtle did not surrender to the court until three months after final judgment on the bond forfeiture. Because surrender of the defendant occurred after final judgment, Thomas Bail Bond was not entitled to discharge.

To the extent that Thomas Bail Bond argues that section 374.763 required the court to set aside the final judgment and, consequently, Thomas Bail Bond's obligation, we disagree. The State of Missouri has promulgated rules governing sureties, codified under "Regulation of Bail Bond Agents" in section 374.695 to section 374.776 of the Revised Statutes of Missouri, RSMo Cum.Supp.2011. Section 374.763 instructs a court as to what action it must take if a surety fails to pay a forfeited bond within six months of final judgment. In such cases, the court must either "extend the judgment date or notify the department[3] of the failure to satisfy such judgment." *Id.* If the department is notified, the director "shall draw upon the assets of the surety, remit the sum to the court, and obtain a receipt of such sum from the court." *Id.* In addition, the director may take action pursuant to section 374.755 which allows for complaints and disciplinary action against licensed sureties.

Thomas Bail Bond contends that the purpose and plain meaning of section 374.763 is to ensure the defendant's appearance. Thomas Bail Bond argues that because Pirtle was surrendered within six months of final judgment, the court was compelled to "extend the judgment date." We disagree. The purpose and plain meaning of section 374.763 is to instruct the court on collecting from a surety after forfeiture. In 2004, the legislature amended section 374.763. The previous statutory language required the court to notify the Department of Insurance if a bond was not paid "within the period of time ordered by the court." The 2004 amendment removed court discretion as to a time frame and now mandates court action within six months of final judgment on an unpaid bond. The amendment, however, now gives the court the option of either notifying the Department of Insurance or extending the judgment date. Thomas Bail Bond erroneously equates extension of the judgment date with setting aside the judgment. Extension of the judgment date allows the surety additional time to remit its obligation without notification of the Department of Insurance but does not erase the final judgment or obligations owed thereon. Clearly, if the court extends the judgment date and the surety again fails to pay, six months from the extended judgment date the court will necessarily be required under the statute to either notify the Department of Insurance or again extend the judgment.

Thomas Bail Bond cites *State v. Street*, 510 S.W.2d 225 (Mo.App.1974), to support reversal of the circuit court's forfeiture judgment. In *Street*, this court concluded that there was never a "valid judgment against the surety on the forfeiture." *Id.* at 228. *Street* held that the circuit court's failure to provide adequate notice of the pending forfeiture rendered the court without authority to enter judgment. *Id.* We determined that "procedural irregularities" resulted in a lack of final judgment on the forfeiture. *Id.* Consequently, when the surety later surrendered the defendant, release of the surety became "mandatory" because the bond was never forfeited. *Id.*

*Street* is inapplicable to the facts before us as there was never a final judgment in *Street*. Judgment against Thomas Bail Bond was final. Thomas Bail Bond's claim that the court's failure to extend the

---

**3.** Missouri Department of Insurance.

judgment date pursuant to section 374.763 created "procedural irregularities" similar to those in *Street* is wholly without merit. As discussed above, the court had no obligation under 374.763 to extend the judgment date, and any such extension would only enlarge the time for payment of the judgment, not to extinguish it by producing Pirtle. Further, the record reflects that the court fully complied with section 374.763 and sent notice to the Department of Insurance after Thomas Bail Bond failed to remit the forfeited bond six months after judgment. Regardless, even if the court had failed to comply with section 374.763, Thomas Bail Bond would still not be entitled to reversal of the judgment for "procedural irregularities." Section 374.763 addresses post-judgment matters, not fundamental pre-judgment procedures as were lacking in *Street.*

Thomas Bail Bond additionally argues that Rule 74.06 requires reversal of the forfeiture judgment on equitable grounds—namely, that refusal to set aside a final judgment deprives sureties of any "incentive and/or duty to find and produce a defendant to the court." We disagree. The surety has an incentive to find and produce a defendant; the incentive is to avoid bond forfeiture. Once the bond is finally forfeited, the surety no longer has a duty to produce the defendant but has an incentive under section 374.763 to timely remit the forfeiture or risk discipline. To construe section 374.763 as Thomas Bail Bond desires would lessen a surety's incentive to produce defendants prior to a judgment of forfeiture and would obliterate any incentive for the surety to timely remit a forfeited bond.[4] Point denied.

We, therefore, conclude that the circuit court did not err in failing to extend the judgment date of Thomas Bail Bond's for-

feited bond pursuant to section 374.763. Section 374.763 governs post-forfeiture collection of judgments and does not mandate setting aside a final judgment when a surety thereafter produces a defendant. We affirm the circuit court's judgment.

All concur.

---

4. We note that Pirtle's appearance in January 2011 was not due to any action of Thomas