STATE of Missouri ex rel. Chris KOSTER, Respondent,

v.

Gregory S. WADLOW, Appellant.

No. WD 75512.

Missouri Court of Appeals, Western District.

April 30, 2013.

Chris Koster, Attorney General, Jose Caldera, Assistant Attorney General, Jefferson City, MO, for respondent.

Gregory S. Wadlow, Jefferson City, MO, pro se.

Before Division I: GARY D. WITT, Presiding Judge, and THOMAS H. NEWTON and MARK D. PFEIFFER, Judges.

MARK D. PFEIFFER, Judge.

Gregory Wadlow ("Wadlow") appeals the Circuit Court of Cole County's ("circuit court") denial of his Rule 74.06 motion. We reverse the circuit court's judgment.

**Factual and Procedural Background**

Wadlow is currently serving a thirty-year sentence for second-degree murder. His scheduled release date is October 13, 2037. On September 16, 2008, the Missouri Attorney General filed a petition against Wadlow seeking reimbursement for the costs of his incarceration as authorized by the Missouri Incarceration Reimbursement Act, §§ 217.825–217.841, RSMo

2000 ("MIRA"). Wadlow had settled a workers' compensation claim for $82,000, and the Attorney General sought to attach much of the proceeds to go toward the costs of Wadlow's incarceration. Wadlow's workers' compensation attorney and his criminal defense attorney already had liens on the proceeds, and several of Wadlow's relatives claimed to have liens on the proceeds as well. After a hearing, on July 30, 2009, the circuit court found that $46,134.34 was subject to the State of Missouri's ("State") MIRA claim and that, pursuant to the limitation of section 217.835, the State was entitled to ninety percent of that amount. The State ultimately seized $42,121.78 of the settlement proceeds.

On May 22, 2012, Wadlow's wife sent him a fifteen-dollar check as a gift. The State seized ninety percent of the fifteen dollars. Wadlow subsequently filed a Rule 74.06 motion arguing that the State could not use the 2009 MIRA judgment to seize ninety percent of a 2012 cash gift from his wife. The circuit court denied Wadlow's motion, and this appeal follows.

## Standard of Review

We review the denial of a motion for relief from judgment pursuant to Rule 74.06(b)(5) for abuse of discretion. *Kissee v. E–Z Pawn, LLC,* 290 S.W.3d 748, 749 (Mo.App. S.D.2009).

## Analysis

Although Wadlow sets forth five separate points on appeal, all of the points make the same argument. The gist of Wadlow's five points is that the circuit court erred in failing to grant his motion for relief from judgment and to order the State to return the ninety percent of the fifteen dollars it seized in May of 2012. Wadlow contends that the 2012 seizure could only have been pursuant to the cir-cuit court's 2009 judgment on the State's MIRA petition and that the MIRA judgment could only have allowed the State to recover the assets that Wadlow had at the time of the MIRA hearing, which did not include the 2012 fifteen-dollar gift from his wife. We agree.

Pursuant to MIRA, every "offender" who receives a prison sentence and is confined to a state correctional center or is under the continuing jurisdiction of the department of corrections must complete a standard form regarding his assets. § 217.829. The director of the department of corrections then forwards a report to the attorney general on each offender containing the completed form and any other information available as to the assets of the offender and the costs of his or her care, and the attorney general may investigate further into the offender's assets. § 217.831.

> If the attorney general upon . . . investigation . . . has good cause to believe that an offender . . . has sufficient assets to recover not less than ten percent of the estimated cost of care of the offender or ten percent of the estimated cost of care of the offender for two years, whichever is less, or has a stream of income sufficient to pay such amounts within a five-year period, the attorney general may seek to secure reimbursement for the expense of the state of Missouri for the cost of care of such offender. . . .

§ 217.831.3. The requirement that the Attorney General have good cause to believe that the offender has sufficient assets to recover at least ten percent of the cost of his care is:

> in keeping with an intent to provide a cost-effective reimbursement procedure—limiting MIRA actions by the Attorney General to cases in which he has a reasonable belief that a recovery of a minimal amount of the cost of care of an

offender is possible so as to justify exercising his discretion to file such an action.

*State ex rel. Nixon v. Koonce,* 173 S.W.3d 277, 284 (Mo.App. W.D.2005).

 MIRA also provides, in relevant part, that:

> The attorney general may file a complaint ... against any person under the jurisdiction of the department [of corrections] stating that the person is ... an offender in a state correctional center, that there is good cause to believe that the person *has assets,* and praying that *the assets* be used to reimburse the state for the expenses incurred or to be incurred, or both, by the state for the cost of care of the person as an offender.
>
> . . . .
>
> *At the time of the hearing on the complaint* ... if it appears that the person *has any assets* which ought to be subjected to the claim of the state pursuant to the provisions of sections 217.825 to 217.841, the court shall issue an order requiring any person, corporation, or other legal entity possessed or having custody *of such assets*, to appropriate and apply *such assets* or a portion thereof to satisfy such claim.

§§ 217.835.1 and 217.835.3 (emphasis added). This court has found that the plain language of section 217.835 limits "the State's recovery against an inmate to ninety percent of his assets *at the time of adjudication." State ex rel. Koster v. Cowin,* 390 S.W.3d 239, 244 (Mo.App. W.D. 2013) (internal quotation omitted). Future income that an offender may expect to receive *at the time of the MIRA hearing* is also subject to attachment, but it must be a "*current* stream of income." § 217.827(1)(a)(c); *Cowin,* 390 S.W.3d at 243. A MIRA action may not attach even a "stream of income that an inmate begins to receive in the future," *id.,* and certainly

would not include a one-time gift received some three years after the MIRA adjudication.

The State argues that, although *Cowin* proscribes attachment of future assets pursuant to a MIRA judgment, Wadlow, to protect any such future assets, should have appealed the MIRA judgment against him within the time allowed for appeals generally. However, there was no reason for Wadlow to appeal the 2009 MIRA judgment, as it allowed the State to recover *only* ninety percent of the balance (after the attorneys' liens) of the workers' compensation settlement proceeds. The 2009 MIRA judgment, unlike the judgment in the *Cowin* case, did not provide that the State could also attach ninety percent of any *future* deposits into Wadlow's account. Wadlow would have had no reason to anticipate, especially considering the plain language of MIRA, that the 2009 MIRA judgment against him would be used as a basis to attach an isolated gift three years later. Indeed, the judgment was not a valid basis on which to attach the fifteen-dollar gift from his wife, and the circuit court abused its discretion in failing to grant Wadlow's Rule 74.06 motion.

Point granted.

### Conclusion

For the above-stated reasons, we reverse the judgment of the circuit court. Pursuant to the authority of Rule 84.14, we enter judgment in favor of Wadlow and against the State, thereby ordering the State to return to Wadlow any proceeds seized from Wadlow's wife's fifteen-dollar gift to Wadlow in May of 2012.

GARY D. WITT, Presiding Judge, and THOMAS H. NEWTON, Judge, concur.