**STATE of Missouri, Respondent,**

v.

**MICHAEL R THOMAS BAIL BOND COMPANY, Appellant.**

**No. WD 74305.**

Missouri Court of Appeals, Western District.

Sept. 17, 2013.

Donald G. Stouffer, for Respondent.

Michael R. Thomas Bail Bond Company, Appellant Pro-se.

Before Division One: VICTOR C. HOWARD, Presiding Judge, JOSEPH M. ELLIS, Judge and ANTHONY REX GABBERT, Judge.

JOSEPH M. ELLIS, Judge.

Michael R. Thomas Bail Bond Co. ("Appellant") appeals from the Circuit Court of Saline County's denial of its motion to set aside the court's judgment of bond forfeiture related to the criminal case of Jeron M. Love. For the following reasons, the judgment is affirmed.

On October 22, 2010, Love was charged with a misdemeanor offense in Saline County. Appellant, a licensed, corporate surety, posted a $1,000 surety bond for

Love. The following week, on October 28, 2010, Love failed to appear in court, and the court ordered the $1,000 bond forfeited and issued an arrest warrant for Love.

On November 5, 2010, the State filed a motion for a final judgment of bond forfeiture under Rule 33.14. The court set the motion for hearing on December 16, 2010, and notice of that hearing was sent to Love and Appellant on November 9, 2010. On December 16, 2010, neither Love nor Appellant appeared at the hearing, and the trial court entered its final judgment of bond forfeiture.

On May 12, 2011, Love appeared with counsel before the circuit court, and the warrant for his failure to appear was set aside. On June 23, 2011, Love entered a plea of guilty and was ordered to pay a fine. Subsequently, Appellant filed a motion to set aside the judgment of bond forfeiture, and that motion was denied by the circuit court.

■ In its sole point on appeal, Appellant contends that the circuit court erred in denying its motion to set aside the bond forfeiture, arguing that the court was required to extend the judgment date of the bond forfeiture pursuant to § 374.763.[1] Appellant further claims that principles of equity required the circuit court to set aside the bond forfeiture under Rule 74.06. This Court has previously rejected identical claims by Appellant in *State v. Michael R. Thomas Bail Bond Co.*, 367 S.W.3d 632 (Mo.App. W.D.2012).

■ "A motion to set aside a judgment is governed by the sound discretion of the trial court." *Michael R. Thomas Bail Bond Co.*, 367 S.W.3d at 633. "We will affirm an order denying a motion to set aside a judgment unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law." *Id.* at 633–34. We review matters of statutory construction *de novo*. *Id.* at 634.

"Section 374.763 instructs a court as to what action it must take if a surety fails to pay a forfeited bond within six months of final judgment. In such cases, the court must either 'extend the judgment date or notify the [Missouri Department of Insurance] of the failure to satisfy such judgment.'" *Id.* at 635 (quoting § 374.763). The record reflects that the circuit court fully complied with § 374.763 when it sent notice of an unsatisfied judgment of bond forfeiture to the Missouri Department of Insurance and Appellant on June 16, 2011.

■ "The purpose and plain meaning of section 374.763 is to instruct the court on collecting from a surety after forfeiture." *Id.* Appellant "erroneously equates extension of the judgment date with setting aside the judgment. Extension of the judgment date allows the surety additional time to remit its obligation without notification of the Department of Insurance but does not erase the final judgment or obligations owed thereon." *Id.* "[T]he court had no obligation under § 374.763 to extend the judgment date, and any such extension would only enlarge the time for payment of the judgment, not extinguish it by producing [Love]."[2] *Id.* at 636.

---

1. All statutory references are to RSMo Cum. Supp.2011 unless otherwise noted.

2. Appellant attempts to rely upon *State v. Street*, 510 S.W.2d 225 (Mo.App. W.D.1974), wherein this Court held that the trial court's failure to provide adequate notice of the pending forfeiture rendered the court without the authority to enter its final judgment of forfeiture. We held that, because the bond was never properly forfeited, release of the surety was required after the surety later surrendered the defendant. *Id.* at 228. *Street* has no application to the case at bar as there was a properly entered final judgment of forfei-

Appellant alternatively claims that Rule 74.06 requires reversal of the forfeiture judgment on equitable grounds, arguing that refusal to set aside a final judgment deprives sureties of any "incentive or duty to find and produce a defendant to the court." We likewise rejected this argument in *State v. Michael R. Thomas Bail Bond Co.*, 367 S.W.3d 632, 636 (Mo.App. W.D.2012), noting:

> The surety has an incentive to find and produce a defendant; the incentive is to avoid bond forfeiture. Once the bond is finally forfeited, the surety no longer has a duty to produce the defendant but has an incentive under section 374.763 to timely remit the forfeiture or risk discipline. To construe section 374.763 as [Appellant] desires would lessen a surety's incentive to produce defendants prior to a judgment of forfeiture and would obliterate any incentive for the surety to timely remit a forfeited bond.

In short, the trial court did not err in failing to extend the judgment date of Appellant's forfeited bond pursuant to § 374.763 and neither that section nor Rule 74.06 mandates setting aside a final judgment when a surety produces a defendant after the final judgment of forfeiture has been entered. *Id.* Point denied.

The judgment is affirmed.

All concur.