

# In the Missouri Court of Appeals
## Eastern District

DIVISION ONE

| | | |
|---|---|---|
| STATE OF MISSOURI, | ) | No. ED102013 |
| | ) | |
| Respondent, | ) | Appeal from the Circuit Court |
| | ) | of St. Louis County |
| | ) | 13SL-CR10246 |
| vs. | ) | |
| | ) | |
| PHIL ATKINS | ) | Honorable Mary B. Schroeder |
| | ) | Honorable Dennis Smith |
| Defendant, | ) | |
| | ) | |
| and, | ) | |
| | ) | |
| BRUCE TEMEN BAIL BONDS | ) | |
| | ) | |
| Appellant. | ) | FILED:  September 22, 2015 |

OPINION

In this consolidated appeal, Bruce Temen Bail Bonds (Surety) appeals from the trial

court's entry of default judgment on a bond forfeiture and from the final judgment denying

Surety's motion to set aside the default judgment.  We reverse and remand.

Factual and Procedural Background

In October 2013, the State charged Philip Atkins (Atkins) with two counts of felony

possession of a controlled substance, namely heroin and cocaine, in violation of Section

195.202[1]. The trial court set Atkins' bond for conditional release at $10,000. Atkins, as principal, and Surety, as surety, posted the bond. However, Atkins failed to appear at his scheduled preliminary hearing, so the court issued a warrant for Atkins' arrest.

The State subsequently filed its motion requesting the court to enter judgment against Surety for the amount of the bond (motion for bond forfeiture). The court scheduled a hearing on the motion for bond forfeiture. At the hearing, Surety entered its appearance though counsel and requested the court to allow Surety 60 days to apprehend and surrender Atkins. On August 1, 2014, Judge Shroeder denied Surety's request and entered a default judgment against Surety in the amount of the bond. In its order of default judgment, the court stated that both Atkins and Surety had failed to appear even though Surety's attorney had appeared on behalf of Surety and had entered a written entry of appearance.

On August 10, 2014, ten days following the entry of default judgment, Surety apprehended Atkins and surrendered him to the St. Louis County Department of Justice Services. Surety thereafter filed its motion to set aside the default judgment on the grounds that Surety had made a continuing diligent effort to locate and surrender Atkins as quickly as possible; thus, Surety had shown good cause for setting aside the default judgment and that it was no longer equitable for the default judgment to remain in force. Following a hearing in which Surety testified, Judge Smith denied Surety's motion to set aside the default judgment.

Surety later filed its motion to reconsider the denial of Surety's motion to set aside the default judgment, arguing that: (1) Surety's attorney had appeared on Surety's behalf at the initial hearing, had filed a written entry of appearance and had requested an additional 60 days to apprehend and surrender Atkins; (2) Surety's request was denied and the default judgment was

---

[1] All statutory citations are to RSMo 2000, as amended.

entered; (3) Surety apprehended and surrendered Atkins only 10 days after the entry of default judgment; and (4) there was no equitable reason not to set aside the default judgment against Surety because it had surrendered Atkins prior to judgment becoming final, i.e., 30 days following the entry of the default judgment. Judge Schroeder denied Surety's motion to reconsider.

Surety subsequently filed two notices of appeal: one pertained to the default judgment and one pertained to the denial of Surety's motion to set aside the default judgment. This Court consolidated the appeals in this case.

Discussion

Surety presents four points on appeal.

In its first point, Surety claims the trial court erred in entering a default judgment on the bond forfeiture because Surety was not in default. In its Brief, however, Surety concedes and withdraws its first point concerning the default judgment because direct appeal of a default judgment is not permitted. Leonard v. Leonard, 112 S.W.3d 30, 37 (Mo. App. W.D. 2003).

In its remaining points, Surety claims the trial court erred in denying Surety's motion to set aside the default judgment because Surety made an adequate showing of good cause for the trial court to grant the motion and presented sufficient evidence that it was no longer equitable for the default judgment to remain in force. Surety argues that it appeared by counsel and filed a written entry of appearance on the date the default judgment was entered. Surety further argues that it located, apprehended, and surrendered Atkins to the St. Louis County Department of Justice Services within days of the default judgment and before the default judgment became final. Surety requests this Court to reverse the trial court's judgment denying the motion to set

aside the default judgment and remand with instructions to the trial court to set aside the bond forfeiture.

In response, the State has filed its Memorandum Confessing the Appeal, which states:

Comes now Respondent, and states that it is confessing the Appeal without argument. Thus, as we understand it, the State concedes that the trial court erred in denying Surety's motion to set aside the default judgment and that remand for the setting aside of the bond forfeiture is appropriate.

"A motion to set aside a judgment is governed by the sound discretion of the trial court." State v. Michael R. Thomas Bail Bond Co., 367 S.W.3d 632, 633 (Mo. App. W.D. 2012). This Court will affirm an order denying a motion to set aside a judgment unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. Thomas Bail Bond Co., 367 S.W.3d at 633-34 (quotation omitted).

Under Missouri law, the bailor at any time before final judgment against him upon a forfeited recognizance, may surrender his principal in open court or to the sheriff; and upon the payment of all costs occasioned by the forfeiture, and all costs that may accrue at the term to which the prisoner was recognized to appear, may thereupon be discharged from any further liability upon the recognizance. Section 544.610; see also Rule 33.13.

Missouri Supreme Court Rule 33.14 provides, in relevant part:

> If there is a breach of a condition of a bond, the court in which the criminal case is pending may declare a forfeiture of the bond. The court may direct that a forfeiture be set aside, upon such conditions as the court may impose, if it appears that justice does not require the enforcement of the forfeiture. When a forfeiture has not been set aside, the court shall on motion enter a judgment of default and execution may issue thereon.

"The distinction between bond forfeiture and judgment on the forfeiture is a long observed one under Missouri law." Yount, 813 S.W.2d at 87 (quotation omitted). The court's

4

mere noting of the forfeiture is not the final determination of the liability of the defendant and his surety; rather, it is the preliminary step to the issuance of the judgment on the forfeiture. Id.

Bond forfeiture is a two-step process. First, the court enters an order of forfeiture when the bond is breached. Thomas Bail Bond Co. at 634. Breach of the bond occurs when the defendant fails to report in court as required and the court enters that fact of record. Id.; State v. Yount, 813 S.W.2d 85, 87 (Mo. App. E.D. 1991). Second, after the breach of the bond, the court must give notice to the parties and allow the surety an opportunity to show good cause why judgment should not be entered on the forfeiture. Thomas Bail Bond Co., 367 S.W.3d at 634; Yount, 813 S.W.2d at 87. "It has long been recognized that an action to enforce a forfeiture on a bond is in the nature of a civil action." Yount, 813 S.W.2d at 87 (quotation omitted). Therefore, the trial court under Rule 75.01, retains control over the forfeiture for 30 days and may vacate, reopen, correct, amend, or modify the forfeiture within that time upon a showing of good cause. Id. Where a surety brings a defendant's surrender and incarceration to the attention of the court within 30 days after it entered its judgment, unless appeal is taken or the court is otherwise deprived of jurisdiction earlier, the court has the authority to modify its earlier judgment and set aside a portion of the forfeiture. State v. Goodrich, 12 S.W.3d 770, 776, fn.2 (Mo. App. W.D. 2000). However, where the court completes the bond forfeiture process by entering a final judgment of bond forfeiture before the principal is apprehended, the bailor is obligated to satisfy the judgment. Thomas Bail Bond Co., 367 S.W.3d at 634.

Here, we view the entry of default judgment as the first step in the forfeiture process in this case. The "default judgment" should have been denominated an "order of forfeiture." See Thomas Bail Bond Co. at 634. During the second step of the process, Surety was allowed an opportunity at a hearing to show cause why final judgment should not be entered on the

5

forfeiture. Surety testified that it had appeared through counsel before the court on August 1, 2014, and had requested an additional 60 days to locate Atkins. Surety testified that the court denied its request for additional time; nevertheless, Surety expended resources and contacted several law enforcement agencies in an effort to find Atkins. Surety testified that it apprehended Atkins on August 10, 2014, and surrendered him to the St. Louis County Department of Justice Services. Consequently, as the State concedes, the trial court erred and abused its discretion in denying Surety's motion to set aside the default judgment given that Surety presented sufficient evidence that it located, apprehended, and surrendered Atkins within 30 days of the trial court's entry of the forfeiture and before the entry of final judgment of forfeiture. Surety's first, second, and third points on appeal are granted.

### Conclusion

Appeal granted. The case is reversed and remanded to the trial court with instructions to vacate the default judgment and for entry of judgment consistent with these findings.

_____
Mary K. Hoff

Robert G. Dowd, Jr., Presiding Judge and Roy L. Richter, Judge, concur.

6