In the Missouri Court of Appeals
 Western District

 STATE OF MISSOURI, )
 Respondent, ) WD84093
 v. )
 )
 DAVID HALEY, ) FILED: December 14, 2021
 Appellant. )

 APPEAL FROM THE CIRCUIT COURT OF COOPER COUNTY
 THE HONORABLE ROBERT L. KOFFMAN, JUDGE

 BEFORE DIVISION THREE: LISA WHITE HARDWICK, PRESIDING JUDGE,
 GARY D. WITT AND EDWARD R. ARDINI, JR., JUDGES
 David Haley Bail Bonds (“Surety”) appeals from the circuit court’s denial of its motion

for relief from final judgment. Surety contends the circuit court erred in finding that it was not

equitably entitled to relief from the court’s judgment on a bond forfeiture after the defendant was

arrested in Texas. For reasons explained herein, we affirm the judgment.

 FACTUAL AND PROCEDURAL HISTORY

 Lamar Collier was charged with forgery, counterfeiting, and two counts of possession of

a forging instrument in Cooper County. The circuit court set Collier’s bond at $25,000, which

was posted by Surety on May 18, 2018. While released on bond, Collier failed to appear at a

hearing before the circuit court on September 10, 2018, and the bond was declared to be in

forfeiture status. After granting multiple continuances to allow Surety more time to produce

Collier, the circuit court entered its final judgment of bond forfeiture on November 8, 2019.
 On March 6, 2020, the circuit court was advised that Collier had been arrested in Texas

on February 29, 2020. Surety filed a motion for relief from judgment under Rule 74.06(b) on

March 12, 2020. The court denied the motion on May 13, 2020. Surety filed an appeal with this

court, which we dismissed for lack of jurisdiction because the circuit court’s order was not

denominated a judgment. The circuit court subsequently amended its denial order on October 2,

2020, and properly denominated it as a judgment for appeal purposes. Surety appeals.

 STANDARD OF REVIEW

 “We review the denial of a motion for relief from judgment pursuant to Rule

74.06(b)(5) for abuse of discretion.” State ex rel. Koster v. Wadlow, 398 S.W.3d 591, 592 (Mo.

App. 2013).

 ANALYSIS

 In its sole point on appeal, Surety contends the circuit court erred in denying its motion

for relief from judgment because Collier was eventually arrested in Texas and “it was no longer

equitable that the final judgment of bond forfeiture . . . remain in effect upon [Collier’s]

apprehension.”

 In relevant part, Rule 74.06(b)(5) allows a circuit court to grant relief from a final

judgment if “it is no longer equitable that the judgment remain in force.” Surety argues that the

judgment against it is a prospective judgment that may be modified due to a change in

circumstances. Surety cites to courts in various jurisdictions that have rules similar to Rule

74.06 and find that prospective judgments may be reopened as circumstances change. See Rudd

v. Rudd, 666 P.2d 639, 645 (Idaho 1983); Harding v. Harding, 620 N.W.2d 920, 920-21 syl.

(Minn. Ct. App. 2001).

 2
 Surety concludes that the judgment against it is prospective, and therefore subject to

changing circumstances, because “even ordinary money judgments can prospectively affect the

litigants by reducing their available assets,” and, accordingly, the $25,000 bond forfeiture

reduces its available assets. Meyers v. Hansen, 221 P.3d 81, 88 (Idaho 2009). Surety further

argues that the circumstances have changed from the time the judgment was entered because

Collier was arrested in Texas and now “will answer to the charges brought against him.”

Additionally, Surety contends, the purpose of the bond has been satisfied and there is no

equitable reason not to grant relief.

 Surety supports its argument with a written stipulation in which the State agreed that

Collier’s abscondence did not result in prejudice to its case. We note, however, that the

stipulation was filed with the circuit court on February 15, 2021, roughly four months after the

circuit court issued its amended final judgment and Surety filed this appeal. Thus, the signed

stipulation was not available for the circuit court’s consideration at the time it rendered its

judgment.1 Consequently, any argument that the court abused its discretion for failing to

consider that the State was not prejudiced is unpersuasive.

 Surety acknowledges that our decision in State v. Michael R. Thomas Bail Bond Co., 408

S.W.3d 794, 797 (Mo. App. 2013), is contrary to its position. In that case, we held that Rule

74.06 did not mandate that a court must set aside a judgment of bond forfeiture “when a surety

produces a defendant after the final judgment of forfeiture has been entered.” Id.; see also State

v. Michael R. Thomas Bail Bond Co., 367 S.W.3d 632, 636 (Mo. App. 2012) (declining to grant

1
 Surety argues that the signed stipulation contained facts agreed to during a May 11, 2020 hearing
on Surety’s motion to reconsider. Surety acknowledges that there is no record of the hearing’s
content, and nothing in the stipulation, or elsewhere in the record, indicates that the parties agreed
to the facts in the stipulation at any particular time. Thus, Surety’s argument is not supported by
the record.

 3
relief under Rule 74.06 and describing that part of the equity exchange in the bond forfeiture

process is that a surety is released from its duty to produce the defendant once the bond has been

forfeited). Surety attempts to distinguish the facts before us from those in the Michael R.

Thomas Bail Bond Co. cases by noting that the bond amount there was only $1,000, while the

bond before us is $25,000. Therefore, Surety argues, the inequity upon it is greater than the

inequity in the Michael R. Thomas Bond Co. cases, and the circuit court should have granted it

relief from the judgment.

 Surety’s argument does not alter our prior, on-point analysis that Rule 74.06 does not

mandate relief under these circumstances and that the forfeiture of a bond releases a surety from

a duty to produce the defendant, which is a benefit gained in equity. Further, Surety’s argument

ignores that it failed to produce Collier over a far greater period of time than the surety in the

Michael R. Thomas Bond Co. cases. Because the circuit court could not have considered the

State’s subsequently filed stipulation denying prejudice therefrom, the great length of Collier’s

abscondence weighs in favor of denying Surety’s motion.

 When it denied Surety’s motion, the circuit court could consider the facts that Collier had

been in abscondence for over a year; that it gratuitously granted Surety roughly one year to

produce Collier after he absconded; that it had issued a final judgment on bond forfeiture; and

that Surety was still unable to produce Collier until approximately four months after the

judgment was entered. Surety’s motions for relief from final judgment and for reconsideration

of the circuit court’s denial included additional allegations that granting relief would not burden

the parties, that Collier’s apprehension was directly caused by Surety’s efforts, and that a

separate circuit court granted similar relief under Rule 74.06 in a different case and county.2

2
 We acknowledge the decision to grant relief in State v. Williams, Case No. 14BA-CR00834-01, and
note that Surety does not reference the decision or argue its applicability on appeal.

 4
None of these facts require the circuit court to grant relief under the circumstances, however.

See Michael R. Thomas Bail Bond Co., 408 S.W.3d at 797. Further, neither Surety’s motion to

set aside the judgment nor its motion for reconsideration cited relevant law for the circuit court’s

consideration.

 Given the sparsity of the facts and arguments before the circuit court, and given the

precedent that strongly supports the circuit court’s exercise of discretion to deny relief under the

circumstances, we cannot say that the circuit court abused its discretion in denying Surety’s

motion to set aside the judgment. Point denied.

 CONCLUSION

 The judgment is affirmed.

 ____________________________________
 LISA WHITE HARDWICK, JUDGE
ALL CONCUR.

 5